CASE 6—PETITION ORDINARY—MARCH 9.

## Clarke's Administrator v. Louisville & Nashville Railroad Co.

APPEAL FROM FLEMING CIRCUIT COURT.

1. ACTION FOR DAMAGES—WILLFUL NEGLECT.—In an action under the provisions of section 6 of Kentucky Statutes by a personal representative to recover damages for the death of his intestate

Clarke's Administrator v. Louisville & Nashville R. R. Co.

where the petition alleged in one paragraph that the death was caused by the willful neglect of the defendant, and in another that it was caused by the gross neglect of the defendant, but one cause of action was stated, as there is provided by that statute no cause of action for willful neglect.

2. SAME—PUNITIVE DAMAGES.—Under the provisions of section 241 of the Constitution that "whenever the death of a person shall result from an injury inflicted, by neglect or wrongful act, then in every such case damages may be recovered for such death from the corporations or persons causing same," the General Assembly has the authority to fix by law the degree of negligence for which punitive damages may be awarded, and has fixed by section 6 that such damages may be awarded for gross negligence. The words willful and gross as used in that statute are not synonymous terms, "willful" being descriptive of the act, while "gross" is descriptive of the degree of negligence, the Constitution and the act evidently intending to make distinction between actions for wrongful acts and for injuries inflicted by negligence; and the provision of the Constitution that punitive damages may be awarded where the act is willful refers alone to actions for wrongful acts and not to actions for damages by negligence.

3. CONTRIBUTORY NEGLIGENCE.—The rule that contributory negligence can not be relied upon as a defense where willful neglect is alleged does not apply in actions under provisions of section 6, of Kentucky Statutes, because no action for willful neglect is thereby provided for; and in an action under the provisions of that section for damages by negligence, the plaintiff can not avoid the defense of contributory negligence by alleging willful neglect.

4. SAME.—When a passenger on railroad train in passing through a tunnel voluntarily, though inadvertently, in lifting the lapel of his coat so as to place his spectacle case in his vest pocket, causes his elbow or arm to protrude from the open car window, and it comes in contact with the timbers of the bridge, which were in close proximity to the car, caused an injury which resulted in his death, he was guilty of such contributory negligence as will prevent a recovery. No rule can be stated by which to measure the distance a passenger may protrude his arm out of a window before he is guilty of negligence, and the fact that he does so without any qualifying circumstances impelling him, constitutes the negligence. These facts appearing from the petition the court properly sustained a demurrer to it.

HANSON KENNEDY FOR APPELLANT.

1. Contributory negligence is not available as a defense if there is not
    a statute authorizing recovery where the life of a person is
    destroyed by willful neglect, and the facts alleged show that
    degree of neglect. Section 241, Kentucky Constitution; section 6,
    Kentucky Statutes; McClure v. Alexander, 15 Ky. L. Rept., 732;
    Wright v. Wood's Administrator, 16 Ky. L. Rept., 337; Payne v.
    Conner, 3 Bibb, 181; Commonwealth v. Mason, 82 Ky., 256; South-
    erland on Statutory Construction, secs. 137, 138; Eskridge's Exec-
    utor v. C. N. & T. P. R. R. Co., 89 Ky., 374; Claxton's Admin-
    istrator v. Lexington & Big Sandy R. R. Company, 13 Bush,
    636; L. & N. R. R. Co. v. Walton, 13 Ky. L. Rept., 460; N. N. &
    M. V. Co. v. Eifort, 15 Ky. L. Rept., 601.
2. Appellant was improperly required to elect which cause of
    action she would prosecute. Cincinnati, etc. R. R. Co. v. Pruitt's
    Adm'r., 92 Ky., 223.
3. Decedent was not guilty of contributory negligence under the
    facts and circumstances of this case; in any event the contribu-
    tory negligence is a question of law and fact, and what may be
    reasonably drawn as inferences or conclusions from the facts
    is a question for the jury. Rhorer on Railroads, vol. 2, pp. 1045
    to 1048; C. & A. R. R. Co v. Pondron, 2 "Am. Rept., 306; Barton
    v. St Louis & Iron Mountain R. R. Co., 14 Am. Rept., 418; Laing
    v. Colder, 8 Penn. St., 479; P. & C. R. R. v. McClurg, 56 Penn.
    St., 294; New Jersey R. R. Co. v. Canard, 9 Harris, 293; Spencer
    v. Milwaukee, etc. R. R., 17 Wis., 493; Pittsburg, etc. R. R.
    Co. v. Andrews, 17 Am. Rept., 568; Dunn v. Railroad Company,
    49 Am. Rept., 388; Georgia, etc. R. R. Co. v. Underwood, 24 Am.
    St., Rept., 756; Morrell v. Mississippi Valley Life Ins. Co., 4 B.
    535; L. & N. R. R. Co., v. Sickings, 5 Bush, 1; Favre v. L. &
    N., 91 Ky., 541; K. C. R. R. Co. v. Jacoby, 14 Ky. L. Rept., 763;
    Am. & Eng. Law, vol. 4 p. 22; Baltimore, etc. R. R. v. Jones, 95
    U. S., 439; L. & N. v. Walton, 13 Ky L. Rept., 461; Petier v. R. R.
    Co., 16 Ky. L. Rep., 501; Shearman & Redfield on Negligence,
    vol. 1, sec. 114; Passamaneck, Administrator v. R. R. Co., 17
    Ky. L. Rept.

G. A. CASSIDY OF COUNSEL ON SAME SIDE..

G. C. LOCKHART FOR APPELLEE.

1. The facts alleged in the petition when stripped of all inferences
    and conclusions, do not as a matter of law, impute such neg-

ligence to the defendant as was the approximate cause of the injury. L. & P. Canal Company v. Murphey's Adm'r., 9 Bush, 522; C. & O. R. R. Co. v. Thieman, 16 Ky. L. Rept., 612; Wing v. Haydon, 10 Bush, 280; Bentley v. Bustard, 16 B. M., 686.

2. The facts stated in the petition show conclusively, as a matter of law, such contributory negligence upon the part of the decedent as was the approximate cause of the injury complained of, and under such circumstances a demurrer to the petition will be sustained. Favre v. L. & N. R. R. Co., 91 Ky., 541; L. & N. R. R. Co. v. Sickings, 5 Bush, 1; Dunn v. R. R. Co., 78 Va., 646; 16 Am. & Eng. R. R. Cases, 370.


W. H. WADSWORTH ON SAME SIDE.

1. The facts stated in the petition show no culpable negligence on the part of the defendant and no act or omission is alleged which fixes any approximate cause of the injury; there is no negligent act or omission charged by which the intestate's elbow was caused to protrude through the window and come in contact with the timbers. Tiffany, sec. 41; L. & P. Canal Co. v. Murphey, 9 Bush, 527; Board Internal Imp. Shelby Co. v. Scearce, 2 Duvall, 576.

2. The company can not be charged with negligence because it failed to anticipate the careless and inadvertent act of Clarke in protruding his elbow from the window. Rogers v. Hughes, 87 Ky., 188.

3. The allegations of the petition show such contributory negligence upon the part of Clarke as but for which the injury would not and could not have occurred and the demurrer was therefore properly sustained. Favre v. L. & N. R. R. Co., 91 Ky., 544; L. & N. R. R. Co. v. McCoy, 81 Ky., 413; Morel v. Miss. Valley Life Ins. Co., 4 Bush, 537; L. & N. v. Sickings, 5 Bush, 1; Ky. Central R. R. Co. v. Jacoby, 14 Ky. Law. Rept., 763; St. Louis, etc. R. R. Co. v. Rice, 29, S. W. Rep., 525; Hickey v. R. R. Co., 14 Allen, 43; Carico v. W. Va. R. R. Co., 52 Am. & Eng. R. R. Cases, 393; Pittsburg, etc. R. R. Co. v. Andrews, 17 Am. Rept., 568; Richmond & Danville R. R. Co. v. Scott, 88 Va., 958; 52 Am. & Eng. R. R. Cases, 405; Pittsburg, etc. R. R. Co. v. McClurg, 58. Penn. St., 294.

4. Under the provisions of section 241 of the Constitution, it was the intention of its framers to get rid of the troublesome and doubtful doctrine of willful negligence, and to simplify the whole subject. McClurg v. Alexander, 24. S. W. Rept., 619.

W. G. DEARING on same side.

1. The decedent was guilty of such negligence in protruding his arm from the window as will prevent a recovery. L. & N. R. R. Co. v. Sickings, 5 Bush, 1; Pittsburg, etc. R. R. Co. v. McClurg, 58 Penn. St., 295.

2. There is no allegation in the petition that the appellee or its servants in charge of the train had any notice that Clarke was about to thrust his arm out of the window, or that it was done with the permission or consent of any of them.

3. The window the passenger has a right to enjoy, but not to occupy, and his negligence consisted in thrusting his elbow or arm where it had no right to be. Pittsburg, etc. R. R. Co. v. McClurg, 56 Penn. St., 293; Morel v. M. V. Insurance Co., 4 Bush, 535; Todd v. Old Colony R. R. Co., 3 Allen, 18; Holbrook v. Ry. Co., 12 N. Y., 236; St. Louis, etc. R. R. Co. v. Hoffman, 27 Ind., 288; Telfee v. N. Y. R. R. Co., 38 N. Y., 290.

JUDGE PAYNTER delivered the opinion of the court:

Decedent, S. D. Clarke, in July, 1894, was a passenger on defendant's passenger train, and whilst going from Carlisle, Ky., to Helena Station, Ky., in passing through a tunnel his arm protruded through a window in the coach, struck an upright timber in the tunnel, which had been placed there by the defendant, and the collision of the arm with the timber inflicted an injury from which he died in a few days thereafter.

It is averred that the accident occurred in the manner as follows: That the intestate was sitting on the left side of the car by a window that was hoisted; that he took hold of the left lapel of his coat with his left hand for the purpose of raising same so as to enable him to put his eyeglasses in his vest pocket on the left side with his right hand; that as he raised the left lapel of his coat with his left hand for the purpose stated he, without intending to do so, protruded the elbow of his left arm through the open window,

not more than three inches beyond the place where the sash would be when the window is shut, and not more than one and one-half inches beyond the outer surface of the side of the car; that when his elbow was thus protruded the upright timbers in the tunnel were in such close proximity to the side of the car that they struck his arm near the elbow. It is also averred that the width of the tunnel had been reduced in repairing it; that at the time the injury occurred and for months previous thereto the tunnel was in a dangerous condition, and the upright timbers in the side of the tunnel were in such close proximity to the iron rails therein that when cars passed through the natural and usual oscillations of the cars were sufficient to cause them to strike against the timbers; that the sides of the passenger cars did often strike against the timbers, and that the condition of the tunnel as described existed when the accident occurred.

The petition as originally filed was in two paragraphs. In the first it was charged that the accident was the result of willful neglect; in the second it was charged that it resulted from gross negligence. The court compelled the plaintiff to elect which cause of action she would prosecute. She elected to prosecute the cause stated in the first paragraph. Although the plaintiff had two paragraphs in the petition there was in fact but one cause of action (if any existed) stated. The way to correct the petition was not by a motion to compel plaintiff to elect which cause of action she would prosecute. The plaintiff elected to prosecute the action under the first paragraph of the petition, charging the injury resulted from wilful neglect. In our opinion, as hereinafter stated, there is not, under the present statute (the one in force when

the accident occurred), a cause of action for wilful neglect.

We will consider the case as if the petition contained appropriate averments under the statute as to negligence. Section 241 of the Constitution is as follows: "Whenever the death of a person shall result 'from an injury inflicted by negligence or wrongful act then in every such case damages may be recovered for such death from the corporations or persons causing same."

As the constitutional provision relating to the liability for producing death by wrongful act or negligence, and as the general assembly has a law (section 6, Kentucky Statutes) under the constitutional provision (section 241), we have very much desired to arrive at the intention of those who made the organic and statutory laws, the construction of which is involved in this case.

This court held (Henderson's adm'r. v. K. C. R. R. Co., 86 Ky., 389; Jordan's adm'r. v. C., N. O. & T. P. Ry. Co., 89 Ky., 40), no one could maintain an action (under section 3, chapter 57, General Statutes), when death was caused by "willful neglect" unless the deceased left a widow or child. The general assembly had failed to amend the statute so as to allow a recovery in cases where the decedent left neither widow or child.

These were the conditions which suggested to the Constitutional Convention the incorporation of section 241 of the present Constitution.

When the Constitution was adopted, under the statute, punitive damages could be awarded if the life was destroyed by wilful neglect.

Section 6, Kentucky Statutes, reads as follows: "When-

ever the death of a person shall result from an injury inflicted by negligence or wrongful act then in every such case damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants causing the same, and when the act is willful or the negligence is gross punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased."

There is omitted from this section the words "willful neglect," which were in the former statute. Instead of the present statute authorizing the recovery of punitive damages when life is destroyed by willful neglect it authorizes a recovery of punitive damages when the "act is willful" or the "negligence is gross."

Punitive damages may be recovered under the present statute when the "negligence is gross."

This court had held that the words "wilful" and "gross" were not synonymous, and from the definition given by the court of these words "willful," as applied to negligence, meant a higher degree of negligence than "gross." The word "willful," as descriptive of a degree of negligence, is eliminated from our statute. "Willful" and "gross" are not used in the present statute as synonymous words. The word "willful" is descriptive of the "act," whilst the word "gross" is descriptive of a degree of negligence.

Under "Lord Campbell's Act" an action was maintainable against a person who, by his "wrongful act, neglect or default," may have caused the death of another person. Most,

if not all, the American States enacted statutes substantially, similar to "Lord Campbell's Act."

These various statutes differ widely in language in which they are expressed, both from the English act and from each other.      The words "wrongful act" had no place in our statute relating to actions for the destruction of life.      It first appeared in section 241 of the Constitution.      It is a more comprehensive term than the word "negligence."      Necessarily in every case of negligence there must be a "wrongful act," either of omission or of commission.      There may be an actionable "wrongful act" which is not the result of negligence, neither is there an element of negligence in it.      It may be willfully or intentionally done.      The words "wrongful act" denote or embrace all acts other than those constituting mere negligence, which are wrong, and inflict an injury resulting in death.

Our conclusion is supported by the language of the statute which allows a recovery of punitive damages if the "act is willful" or the "negligence is gross."      If the general assembly was enacting a statute on negligence alone why did it not say punitive damages could be recovered when the negligence is gross or willful.      If the constitution and statute did not provide for a recovery for an injury by negligence, but used the words "wrongful act," then we would adjudge that wrongful acts embraced or included negligent acts.

Section 241 of the Constitution did not repeal section 3, chapter 57, General Statutes. (Wright, &c. v. Wood, 96 Ky., 56.)

Section 6 of the present statute did repeal section 3, chapter 57, General Statutes.

If section 241 of the Constitution did not repeal section 3, chapter 57, General Statutes, as adjudged in Wright v. Wood, thus recognizing the validity of an act of the general assembly fixing a "degree" of negligence for which punitive damages may be recovered, it follows that the general assembly can change or designate the "degree" for which it may authorize a recovery of punitive damages. Gross is a degree of negligence at the common law. We do not think it any longer an open question as to the authority of the general assembly to pass the statute in question.

This court held in Passamaneck's adm'r. v. Louisville Ry. Co., 17 Ky. Law Rep., 763, that section 241 is not intended to deprive a defendant of the right to rely on contributory negligence as a defense. Had Clarke survived the injury which produced his death, in an action by him for damages for the injury, in which he alleged the injury was the result of gross negligence, contributory negligence would have been available as a defense. We can perceive no reason why it should not be equally as available in an action by his personal representative. Plaintiff seeks to avoid the defense of contributory negligence by alleging that the death resulted from willful neglect. As we said, the present statute does not provide that punitive damages may be recovered by showing willful neglect. It follows that the former adjudications of this court, that contributory negligence was not a defense when willful neglect was shown, are not applicable to actions for negligence or gross negligence under the present statute.

We will further but briefly consider the case in the light

of the rules of law stated and such others as are applicable to it.

In Morel v. Miss. Valley Life Ins. Co., 4 Bush, 537, it was alleged that the plaintiff "inadvertently" put his arm a short distance out of the window of the car, when his hand came in contact with a post while the train was running with its usual velocity, without the slightest necessity for doing so, and the court said it was needlessly and negligently done, and he was not entitled to recover.

In the Sickings case, 5 Bush, 7, the arm was placed out of the window unthoughtedly and unnecessarily, and the court held that when one places his arm out of a car window voluntarily and without any qualifying circumstances impelling him to, it must be regarded as negligence *in se*, and when that is the state of the evidence it is the duty of the court to declare the negligence in law.

In the Favre case, 91 Ky., 544, it was alleged that the plaintiff allowed his hand to protrude eight or ten inches out of the window; that the train was running at a dangerous and unusual rate of speed; that there were dangerous obstructions in immediate proximity to the track unknown to him, whereby his arm was broken.

The court said the "rule of law that a party is precluded from recovering for an injury, to which he so far contributed as that but for his own negligence and want of ordinary care it would not have happened, can, upon neither principle nor public policy, be relaxed or qualified in this character of case, even if the conduct of the other party could be logically considered in any case."

The cases are in accord with the current of authority. In

:fact no cases have been cited in which a contrary view is expressed, nor do any of them militate against them except in a case or two in jurisdictions where the doctrine of comparative negligence prevails.   This doctrine is generally denied in the courts of this country.   Whilst the timber was in close proximity to the car, and a slight protrusion of the arm, caused the injury, and whilst the facts of this case differ somewhat from the Morel, Sickings and Favre cases, yet we are unable to distinguish it from them so as to hold the doctrine of those cases will not apply to this one.   We can not furnish any rule by which to measure the distance a passenger may protrude his arm before it can be said he is guilty of negligence.   It is the fact that he does so, without any qualifying circumstances impelling him, not the distance so protruded, that constitutes the negligence.

Clarke inadvertently, unthoughtedly and unnecessarily, if not purposely, allowed his arm to protrude out of the window and this was negligence *in se;* although he did so in placing his eyeglasses in his pocket, nevertheless it was his own act.

The necessity for adjudging what are the "qualifying circumstances impelling him to it" (to which the courts refer) which render the act of putting an arm outside of the window non-negligent, does not arise in this case.   It is not alleged that the arm protruded in consequence of the oscillations or swerving of the cars, or from any act of those in charge of the train, but it is alleged that the deceased put his arm outside of the window of the car.

The facts alleged in the petition, and which are admitted as true on demurrer, show that but for the decedent's own

negligence and want of ordinary care the accident would not have happened.   When there is no controversy as to the facts or they are admitted, and but one inference can be drawn from them, then it is the duty of the court to declare their effect in law.

Under the doctrine of the Favre case, it was proper to sustain a demurrer to the petition

The judgment is affirmed.