KATE BARRY, Appellant, v. CALVARY CEME-
TERY ASSOCIATION.

Division One, April 1, 1908.

1. NEGLIGENCE: Walking in Cemetery: By-Ways. Persons who wish to visit the grave of a relative in a large cemetery and who leave the regular roadways and sidewalks provided for them and, for their own convenience or pleasure, undertake to go across the grass-covered ground, are not entitled to expect the same kind of passage-way that is provided in the regular ways.

2. ———: ———: Reasonably Safe Condition. Even though a cemetery association knows that people are in the habit of wandering over the grounds regardless of the road and walk ways, and impliedly invites the public to make such use of the grounds, the most that can be said as to its duty is that it is required to keep the grounds in reasonably safe condition for people to walk over.

3. ———: ———: ———: Personal Injuries: Demurrer. Plaintiff left the regular roadways and sidewalks of a cemetery containing several hundred acres, and for her own convenience walked across the grounds towards her brother's grave, and stepped into a small hole so concealed by the grass that no ordinary inspection could discover it, and so small that her foot was

extricated with difficulty. Her ankle was badly injured. There is no evidence as to how the hole was made, or that defendant knew of its existence or was likely to discover it except by accident or extraordinary care. *Held*, that she cannot recover, and the trial court properly sustained a demurrer to her evidence. [Following Barry v. Cemetery Association, 106 Mo. App. 358.]

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*David Murphy* for appellant.

(1) Plaintiff was invited to come upon the premises of defendant, not for her pleasure, but in the performance of a sacred duty, in the performance of which both parties were to be benefited, and she fell into a trap, a pitfall, and was seriously injured. Heaven v. Pender, 11 Q. B. D. 506; Welch v. McAllister, 15 Mo. App. 492; Thompson on Negligence, sec. 8; Webb's Pollock on Torts (Am. Ed. 1894), p. 627; Chapman v. Rothwell, 1 E. B. & E. 168; Holmes v. Railroad, L. R. 4 Ex. 254; White v. Francel, 2 C. P. D. 308. (2) The evidence was, that from the appearance of the excavation into which plaintiff fell, it had existed a long time—probably a year. That was evidence from which it might reasonably be drawn that the defendant's officers or servants knew it, or else would have known it, if they had exercised ordinary care. Markey v. Railroad, 185 Mo. 364; O'Donnell v. Patton, 117 Mo. 13; Norton v. Kramer, 180 Mo. 536; Carey v. Kansas City, 187 Mo. 715; Beck v. Carter, 68 N. Y. 283; Witte v. Stifel, 126 Mo. App. 304. (3) The pleadings allege and the evidence shows that plaintiff was either expressly or impliedly invited to come upon the premises of defendant for purposes for which the premises were appropriated and occupied; and by preparation and adaptation of said premises for use by persons

occupying the relations between plaintiff and defendant, as shown by the pleadings and evidence, which naturally and reasonably led plaintiff to suppose and believe that she might safely enter thereon.   So that the negative propositions asserted in Sweeny v. Railroad, 10 Allen 372, cited in Wencker v. Railroad, 169 Mo. 599, cannot be invoked nor quoted as being the enunciation of the proper doctrine in the case at bar.

*J. L. Hornsby* for respondent.

(1) Plaintiff being on that part of defendant's premises where the accident occurred, as a mere licensee, defendant owed her no duty to keep· such part of its grounds in a safe condition for her to walk over, and is not liable to respond in damages for her injury.   Barry v. Calvary Cemetery Ass'n, 106 Mo. App. 358; Wencker v. Railroad, 169 Mo. 600.   (2) But even if it could be considered that plaintiff was on that portion of defendant's premises where the accident occurred, by express or implied invitation, still in that case the rule is that defendant is required to keep the premises only in a reasonably safe condition, and is liable only for injuries occasioned by the unsafe condition which is known to defendant and not to plaintiff, and which it has negligently suffered to exist and has given them no notice of.   Carleton v. Iron Co., 99 Mass. 216; O'Donnell v. Patton, 117 Mo. 13; Welch v. McAllister, 15 Mo. App. 492; Miller v. Peck Dry Goods Co., 104 Mo. App. 614; Thompson on Negligence, secs. 970, 994.

VALLIANT, P. J.—This is an action for damages for personal injuries sustained by plaintiff in consequence, as she alleges, of the negligence of defendant. The defendant, as its name indicates, is a cemetery association; it owns a large cemetery in the city of St. Louis, containing several hundred acres. The plaintiff,

according to her petition, had a proprietary interest in a lot in the cemetery and a sentimental interest in the fact that a deceased brother of hers was buried in the lot and she had the right to visit the cemetery. The petition charges that it was the duty of the corporation "to keep its grounds and every part thereof contiguous to the burial lots in a reasonably safe condition, so that lot and grave owners and others could pass over and upon the grounds of defendant to and from their respective lots and graves;" that on a certain day she was lawfully in the cemetery on her way to visit the grave of her brother, walking across the grounds of defendant; that there was an excavation or hole in the ground, on every side of which the grass had so grown and bent down as to completely conceal it, and in consequence the plaintiff stepped into the hole with one foot and badly sprained her ankle and seriously injured the joint. The petition avers that the defendant knew or by the exercise of ordinary care could have known that the hole was there. The damages alleged were $4,700. The answer was a general denial and a plea of contributory negligence.

At the close of the plaintiff's case the court, at the request of the defendant, gave an instruction to the effect that the plaintiff was not entitled to recover, which resulted in a nonsuit with leave, which the court refused to set aside, and plaintiff has appealed.

The plaintiff's testimony tended to show as follows:

On the morning in question the plaintiff, in company with her sister and daughter, was in the cemetery aiming to go to the grave of the plaintiff's brother. They first intended to visit another lot and they started in that direction, but after going a part of the way they concluded to abandon that purpose and turned back to visit the brother's grave. There

were roadways and sidewalks in the cemetery, and up to the time the plaintiff and her companions turned back they had walked along the sidewalks, but they came to a point where they thought they could shorten the walk, and as one of the party manifested a desire to return in time to go to church that morning, they concluded to leave the regular roadway and sidewalk and cut across vacant lots, and they did so. The plaintiff's sister and daughter were leading and she was following last; within a few feet after she left the sidewalk one of her feet went into a hole in the earth and she fell, spraining her ankle and hurting her quite badly. The size of the hole is not given exactly, although one witness measured it three months after the accident and stated that it then measured $14\frac{1}{2}$ inches long, 11 inches wide and $9\frac{1}{2}$ inches deep. The plaintiff testified, and so did her other witnesses, that the hole was large enough for her foot to sink into it, but so small that it was with great difficulty the foot could be extricated; that in pulling it out assistance was required, and such force was used as to cause much pain and tear the shoe. What caused the hole the evidence does not show, but it does show that it was entirely covered with grass so that it could not be seen. People who visited the cemetery did not always confine themselves to the regular roadways and sidewalks, but frequently strolled across the grounds. The lot to which plaintiff and her companions were aiming to go was not immediately contiguous to the roadway or sidewalk but was near it, plaintiff thought it was one hundred to two hundred feet distant; was not sure; it was five hundred feet distant from the point where plaintiff left the road to cut across the vacant lots. Some three months or more after the accident plaintiff called on the superintendent of the cemetery, he went with her to the scene of the accident, and she pointed out the hole to him. One of

plaintiff's witnesses who accompanied her and the superintendent testified that the hole at that time was full of leaves. The superintendent said it was a bad place, and if he had known it he would have had it filled before. He did afterwards have it filled.

This is the second suit of the plaintiff against the defendant for this alleged wrong. The first suit resulted in a verdict and judgment for the plaintiff for $350, from which defendant appealed to the St. Louis Court of Appeals, where the judgment was reversed without remanding, the court holding that under the evidence the defendant was not liable. [Barry v. Cemetery Association, 106 Mo. App. 358.]

The petition in the former case is not before us, but this is evidently the same cause of action, and the testimony for the plaintiff now is not materially different from what it was then. The law of the case is well expressed in the opinion in that case by BLAND, P. J., speaking for the court, and we see no occasion for a further discussion of it.

The roadways and sidewalks were landmarks to direct pedestrians and others the way to go, but if persons chose to leave the regular way provided for them and, for their own convenience or pleasure, undertook to go across the grass-covered ground, they were not entitled to expect the same character of passageway that was provided in the regular road. If, as is contended by plaintiff, the defendant knew that people were in the habit of wandering over the grounds regardless of the roads, and impliedly invited the public to make such use of the grounds, then the most that could be said as to the duty of the defendant was to keep its grounds in reasonably safe condition for people to walk over. According to the plaintiff's evidence here was a cemetery containing several hundred acres and the only thing pointed out to mar its safety was this small hole so concealed from view by the grass

that no ordinary inspection could discover it.   The size of the hole is best shown by the fact that it was just large enough to receive the lady's foot pressed into it by her weight, but so small that it was only with painful exertion that it could be extracted.   It was somewhat larger when the witness measured it, three months later, but it is not unreasonable to conjecture that in the effort to get the plaintiff's foot out, the hole was made larger.   Her testimony was that a man came to her assistance and helped her out of it.   How the hole was made was left to conjecture.   In the case above mentioned that was before the Court of Appeals, there was evidence tending to show that gophers sometimes burrowed such holes in those premises, but however that may be and whatsoever made the hole it was not of a kind to suggest that it was done in defendant's business and there is no evidence that defendant knew it or was likely to discover it except by accident or extraordinary care.   On the plaintiff's own evidence she has no right to recover of the defendant for her misfortune.

The judgment is affirmed.   All concur.