## Dodson v. Herndon.

(Decided February 27, 1912.)

### Appeal from Mason Circuit Court.

Actions—Damages—Personal Injury—Falling Into Elevator—Instructions—Evidence.—In an action against the owner of a building by one of the occupants for an injury resulting from a fall into an elevator shaft, the issue was as to whether the owner had control of the hallways and elevator for the common use of the tenants. The instructions were nearly erroneous. If appellant had reserved the hallways and elevator for the common use of his tenants, their guests and customers, he was required by law to use reasonable care to keep them in reasonably safe condition. If the elevator was closed and appellee opened it and thus brought about his fall, he was guilty of contributory negligence to such an extent that his right to recover is barred. If appellant had made the elevator reasonably safe and some one without his knowledge or consent rendered it unsafe, and he had not had time, before the injury, to discover and remedy its unsafe condition, by the exercise of ordinary care, he is not responsible for the injury. Otherwise he would be.

A. D. COLE for appellant.

WORTHINGTON & COCHRAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

On September 7, 1909, and for many years prior thereto, appellant was the owner of a large brick house

four stories high, in Maysville, Kentucky. There was a hallway on the first floor running from the center of the front of the building to the center of the rear thereof. There were also hallways on the other floors, but they ran only from the center of the building to the rear, the space between the center and front of these floors being used for rooms. Stairways connected all the floors by beginning and ending in the hallways. This building was let to different tenants. The rooms on one side of the first floor were occupied by Langfels & Co. and the others by B. W. Goodman; the second and third floor rooms were occupied by James T. Smith & Co. and the fourth floor rooms were rented by the Knights of St. John and the Cigar Makers Union. The hallways and stairways were used in common by the occupants of the building and their guests and customers. There is an elevator in the building running from the basement up, near the center of the house and at the side of each of the hallways from each of which a door enters to it. The door entering it on the second floor was constructed six or eight inches from a door entering the stock-room of James T. Smith & Co., cigar manufacturers. Upon the side of the second floor upon which the elevator is situated, Smith & Co. have three rooms; the front room is an office, the middle room is a store room and the back room is where cigars are manufactured. According to appellee's testimony the stock-room was dark, especially upon entering it from the hallway. His testimony also shows that the hallway was also dark at the time he received his injuries. Appellee, upon the occasion he was injured, was connected with the International Revenue service and in the performance of his duties. He went up the stairway to the second floor and turned immediately expecting to enter the door leading into the stock-room of Smith & Co., but he stepped by mistake into the elevator shaft and fell twenty-one feet to the basement. The fall rendered him unconscious for several hours; one foot and his back were injured. He spent about five weeks in hospitals in Maysville and Lexington and was unable to resume work until about the first of September. There was some testimony to the effect that his foot was permanently injured. The jury awarded him a verdict upon a trial, for $500.00. If he were entitled to recover at all, this is a small amount.

There was an issue made in the evidence as to whether or not appellant had control of the hallways

and elevator for the common use of the tenants, their guests and customers. This issue should have been submitted to the jury under proper instructions. Nearly all the instructions were erroneous. In the case of Farley v. Byers, 130 Am. St. Rep., 613, the court said:

"That portion of the premises reserved by the landlord, for the common use of tenants for the purposes of ingress and egress, remains in his possession, and the duty to keep the same in repair has reference to all parties having occasion to use them. In the absence of a covenant to the contrary, possession by the landlord will be presumed of that portion of the rented premises reserved for the common use of all the tenants."

In the case of Siggins v. McGill, 111 Am. St. Rep., 666, after stating that the general rule is that a landlord is not liable for damages received by a tenant, his family or guest on account of the dangerous condition of that part of the building leased to the tenant, said:

"With respect to such ways it has been held by our Supreme Court that the landlord is under the responsibility of a general owner of real estate who holds out an invitation to others to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passageways and stairways reasonably fit and safe for the uses which he has invited others to make of them."

The same doctrine is announced in Hess v. Hinkson's Adm'r, 29 Ky. L. R., 762. See also Mills v. Kavanaugh, 29 Ky. L. R., 685; Baker v. Best 110 Ky. Dec., page 1192. In the case of Miles v. Tracey, etc., 28 Ky. L. R., 621, the court said:

"While, if the landlord has reserved, for example, a stairway for the common use of all his tenants, it could not be said that any of them had exclusive control of it, or that all together had. It was then his duty to keep it in repair, not by reason of any implied covenant to that effect, but as those using it were his licensees, he owed them the duty to keep the passway in reasonably safe and fit condition for use."

If appellant had reserved the hallways and the elevator for the common use of his tenants, their guests and customers, he was required by law to use reasonable care to keep them in reasonably safe condition for use. No one was present when appellee fell down the elevator. He testified that the hallway was rather dark and that when he turned to enter the door of Smith & Co.'s

store-room he stepped into the elevator shaft; that the door entering the store-room had been opened each time he was there, before which had been frequently, but it turned out from the evidence that it was then locked. Appellee's impression was that the elevator door was standing open and he stepped into it believing it led to the store-room. He was not positive, however, about this as the sudden fall and injury and made him doubtful as to what did occur at that itme. Appellant's proof was to the effect that this elevator door was closed and had a bar on the inside running from facing to facing, and most of the witnesses testified that it was locked. If this was so and appellee opened it and thus brought about his fall, he was guilty of contributory negligence to such an extent that his right of recovery is barred. The elevator had not been used for six or eight months, and it was proper that it should in some way be protected so as to make it reasonably safe for those using the hallways and the door entering the stock-room of Smith & Co., and if appellant reserved control of the hallways and the elevator and failed to do this, he is liable to appellee for the injuries he received, provided appellee was exercising ordinary care for his own safety at the time he fell. If the testimony shows that appellant had exercised reasonable care to make the place reasonably safe for use then he is not responsible, and, further, if he made it reasonably safe and some one without his knowledge or consent rendered it unsafe and he had not had time, before appellee's injury, to discover and remedy its unsafe condition by the exercise of ordinary care, then he is not responsible for the injury, otherwise he would be. The court on another trial will instruct the jury as indicated in this opinion.

For the reasons of errors in the instructions, the judgment is reversed and the case remanded for a new trial consistent with the views herein expressed.