## Branham's Administrator v. Buckley, et al.

(Decided May 14, 1914.)

### Appeal from Pike Circuit Court.

1. **Trial—Instructions—Requests or Prayers.**—In civil actions it is not reversible error for the court to fail to give an instruction on any particular issue unless requested so to do; and the requested instruction must be offered in writing.

2. **Negligence—Actions—Evidence—Res Ipsa Loquitur.**—Where the defendant owes to plaintiff no duty other than the exercise of ordinary care, the fact of an explosion of a steam boiler creates no presumption of negligence.

3. **Negligence—Condition and Use of Land, Buildings and Other Structures.**—The owner or occupant of premises who induces others to come thereon by invitation express or implied, owes them the duty of exercising ordinary care to keep the premises in safe condition; but he is not an insurer of the safety of such persons.

J. S. CLINE for appellant.

YORK & JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Appellees, J. K. Buckley and Thomas Buckley, operated a steam grist mill in Pike County, to which the residents of the neighborhood would take corn to have it ground into meal, the owners of the mill taking a certain proportion of the corn as payment for the grinding thereof.

Albert Branham, a boy of about fourteen years of age, on November 18, 1911, went to appellees' mill with some corn for the purpose of having it ground into meal; and while at the mill waiting for it, he went into the boiler room for the purpose of warming himself, and was standing near the fire-box when he was injured by steam and hot water thrown upon him by an explosion of the boiler, so that he died within forty-eight hours thereafter.

His administrator instituted this action against appellees to recover damages for his death; and upon a trial, the jury found a verdict for the defendants. Plaintiff appeals.

1. It is contended by appellant that the court failed to instruct the jury properly.

Two grounds of negligence were charged in the petition: (1), negligence in the operation of the boiler, that is, that the defendants permitted it to become dry, and thereby caused the crown sheet to tear loose from the bolts which held it; and (2) negligence in maintaining the boiler in safe condition, it being alleged that the boiler was in a defective and dangerous condition and that it was so known to be by the defendants.

Plaintiff introduced some proof tending to show that the defendants permitted the water in the boiler to become very low, and that Thomas Buckley, one of the defendants, then started the injector to forcing cold water into the boiler, thereby causing the crown sheet to give down.

And, upon cross-examination of the defendant, Thomas Buckley, plaintiff also showed that the only explanation Buckley could give of the accident was that the bolts securing the crown sheet had "failed to be bradded good." Another witness for defendants, upon cross-examination, testified that the pressure of ninety-five pounds, which defendants claimed and testified was all that the boiler was carrying at the time of the accident, would not cause the crown sheet to give down unless it was defectively secured.

The court instructed the jury upon the issue of negligence in the operation of the boiler; but did not instruct upon negligence in maintaining the boiler in a reasonably safe condition; and because of the court's failure to instruct upon the latter issue, appellant complains.

Appellant offered an instruction upon the theory of negligence in the operation of the boiler, and in lieu of the instruction so offered, the court gave an instruction upon that issue; but no instruction was offered upon the theory of negligence in maintaining the boiler in a reasonably safe condition as to structural defects, and appellant therefore cannot complain of the failure of the court to instruct thereon.

In civil actions, it is not reversible error for the court to fail to give an instruction on any particular issue unless requested so to do. L., H. & St. L. Ry. Co. v. Roberts, 144 Ky., 820, 139 S. W., 1073. And, the instruction requested must be offered in writing. Bell's Admr. v. Louisville Railway Company, 148 Ky., 189, 146 S. W., 383. The instruction that was given by the court being correct, and plaintiff having failed to ask an instruction upon the theory of negligence in maintaining the boiler

in a reasonably safe condition, failure of the court to instruct upon the whole law of the case was not error.

2. Appellant also contends that the rule, *res ipsa loquitur*, here applies; and that the court should have instructed the jury that the mere fact of the bursting of the boiler was prima facie evidence of negligence upon the part of the defendants, and that they should find for plaintiff unless they believed from the evidence that defendants exercised the highest degree of care in the operation of the boiler and in maintaining it in safe condition.

The evidence for plaintiff shows that his business at the mill did not require the decedent to be at the immediate place at which he was injured, but that he went from the mill room or place where he had deposited his corn, to the place where he was injured, upon invitation or suggestion of the defendants, for the purpose of warming himself.

The owner or occupant of premises who induces others to come thereon by invitation, express or implied, owes them the duty of using reasonable or ordinary care to keep the premises in safe condition; but he is not an insurer of the safety of such persons. Anderson & Nelson Distilleries Company v. Hair, 103 Ky., 196, 19 R., 1822, 44 S. W., 658; see also 29 Cyc., 454.

And, where the defendant owes plaintiff no duty other than the exercise of ordinary care to prevent injury, the fact of an explosion of a steam boiler creates no presumption of negligence. 36 Cyc., 1265; Veith v. Hope Salt Co., 51 W. Va., 96, 41 S. E., 187; 57 L. R. A., 410; Cosulich v. Standard Oil Company, 122 N. Y., 118, 19 A. S. R., 475; Huff v. Austin, 46 Ohio St., 386, 21 N. E., 864; 15 A. S. R., 613.

Moreover, plaintiff asked no instruction of this kind, hence, cannot complain of the failure to give it.

3. Finally, appellant complains that the verdict is contrary to the evidence.

Thomas Buckley, one of the defendants, testified that at the time the crown sheet gave down, the boiler was two-thirds full of water; that he was carrying only ninety-five pounds of steam pressure; and that he did not know what caused the crown sheet to give down. The evidence for plaintiff tended to show that Buckley had permitted the boiler to become dry, and then started the injector, forcing cold water into the boiler and thereby causing it to burst. The evidence was conflicting; but we

can not say that the verdict is flagrantly against the evidence.

The jury evidently felt some doubt as to the exact cause of the accident; and, having in mind the fact that there is a general disposition among men to preserve their property, and among the operators of steam boilers to preserve their own lives, and that ordinarily these motives will secure that degree of care which the defendants were charged with under the law, the jury doubtless believed that the injuries to plaintiff's intestate were occasioned, not as plaintiff contends, by negligence of the defendants, but rather by one of those unfortunate casualties which ordinary care and prudence will not always prevent.

Judgment affirmed.