## Offutt v. O'Leary.

(Decided October 7, 1924.)

### Appeal from Jefferson Circuit Court
### (Common Pleas, First Division).

1. Landlord and Tenant—Duty of Landlord to Use Reasonable Care to Maintain Path to Building in Safe Condition.—Owner of tenement house on rear of lot owed duty to use reasonable care to maintain path to building in safe condition, for use of tenants and those visiting them, on business or pleasure.

2. Landlord and Tenant—Rule Stated as to Liability of Landlord for Defects in Portions of Premises Not Intended to be Used.— Liability of landlord does not extend to injuries occasioned by

defects in portions of premises not intended to be used as an entrance, exit, or passageway, except as to hidden defects so contiguous to path or passageway as to form a trap for unwary traveler using it in ordinary manner.

3. Landlord and Tenant—Landlord Held Not Liable to Insurance Agent Falling Through Cellar Door.—Landlord, held not liable to insurance agent falling through cellar door across which he walked to avoid wet place in path; such agent on leaving path becoming only licensee to whom landlord owed no duty, except to refrain from willful and wanton negligence.

ALLEN P. DODD for appellants.

W. A. PERRY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant owned a lot in the city of Louisville facing Walnut street and running back with Brook street to an alley. On the rear of this lot is an old dilapidated, two-story tenement house. It was occupied by two tenants, the lower floor by an old colored woman, Mary Unseld, and the upper floor by a colored man; the entrance being through a door in the center of the building. From this door there were wood steps to the ground, and thence a pathway running east to the street. Between the pathway and the wall, to the east of the steps, is the entrance to a cellar. This was covered by a double plank door attached by hinges. This door slopes down from the wall outward, and the lower or outer edge of it is about four inches above the surrounding brick, though there is no brick in the path at present, the west side of the cellar door being about two feet from the east end of the steps. The ground at this place is flat, and after rains water stands in the path to a depth of three or four inches.

Appellee is an agent for an industrial insurance company in which Mary Unseld had a policy, and for about a year had been calling on her regularly at that place to collect premiums.

On the evening of March 27, 1920, near dark, he was making the usual trip and found the path covered with water. On entering he avoided this by stepping on the cellar door and after collecting the premiums endeavored to return in the same way. The hinges had rotted from the door and as he stepped upon the center it gave way and he fell to the cellar steps below and broke his arm.

In a suit for injuries thus sustained he recovered $1,590.00, and this appeal results. There is no evidence that this door was ever considered a part of the path, although adjacent to it. From the photographs introduced in evidence it may be inferred that the space in which the path runs was formerly flagged with brick, but it is not claimed that such was the case during the time of Mary Unseld's tenancy, or during the time appellee visited her.

He states that on former occasions when it was dry he walked on the ground, but that he had previously stepped on the door when it was wet.

Mary Unseld states that in going to and from her door she always used the path, though sometimes she stepped on the corner of the door, but she never did walk across it because she was afraid of it, nor does she claim that she or any other of the tenants made any complaint as to the condition of the passway.

Unquestionably, under the facts stated, it was appellant's duty to use reasonable care to have and maintain the path in a safe condition for the use of the tenants occupying the building, and also for the use of those visiting them on business or for pleasure. 16 R. C. L., pages 1072-3; Dodson v. Herndon, 147 Ky. 183; Hess v. Hinkson's Admr., 29 L. R. 762; Miles v. Tracy, 28 L. R. 621; Baker v. Best, 107 Ky. Dec. 1192.

It is equally clear that the liability of the landlord does not extend to injuries occasioned by defects in the portions of the premises not intended to be used as an entrance, exit or passageway. 16 R. C. L., page 1074; Berry v. Cemetery Co. Assn., 211 Mo. 105; Mazey v. Loveland, L. R. A. 1916F 279.

This rule would not, however, apply to a hidden defect so contiguous to a path as to form a trap for the unwary traveler using it in the ordinary manner. Patten v. Bartlett, 111 Me. 409, 49 L. R. A. (N. S.) 1120.

In this case it is not contended that appellee's injuries arose from the use of the passway provided for the purpose of ingress and egress, nor is there any proof that it was ever intended for the cellar door to be so used. Its position and condition were obvious. The tenant herself testified that she did not and would not use it. The appellee possesses no greater right than she. The condition of the path rendered ingress and egress difficult, though not dangerous, and for this the tenants may have complained to the landlord, but this did not authorize the

appellee to make another route of his own. When he did so he became a mere licensee. To such licensees the landlord owed no duty except to refrain from wilful and wanton negligence. Indian Refining Co. v. Mobley, 134 Ky. 822; Cummins' Admrx. v. Paducah Gr. & Elev. Co., 190 Ky. 70.

It follows that the court should have peremptorily instructed the jury to find for defendant.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.