## Stellar v. Sclarenco.

(Decided May 23, 1933.)

O. G. EVERBACH and ISAAC HERMAN for appellant.
ROBERT J. HAGAN,. LORAINE MIX and JOHN B. BRACHEY
for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellant, Annie Stellar, was the owner of a. tenement house on Market street in the city of Louisville, Ky. It was a three-story building, the first floor contained a store and two rooms in the rear, which were rented to one tenant. The second and third floors were used for living apartments and rented to various other tenants. A stairway leading from the street to the second floor was the usual means of ingress and egress. There was another stairway in the rear of the building leading from an open back porch to the ground for the purpose of reaching the toilet in the back yard which. was used by all the tenants in common.

In the late afternoon of July 20, 1931, the appellee, who was engaged in the business of selling oil and gas, called on a tenant who occupied the second floor of the building, for the purpose of collecting a bill. The tenant whom he desired to see was absent at the time, and while waiting for her to return, it became necessary for him to go to the toilet. He asked a man in the building who was a boarder of the tenant on whom he was. calling, how to find the toilet and the man directed him to the back stairway which led to the back yard to the toilet. According to the testimony of the appellee, there was no light on the stairway and it was very dark. The stairway was winding and the treads narrow at the end. next to the banister, and because of the darkness and the manner of construction of the stairway, he fell down the stairs and sustained certain injuries. Thereafter

he brought this suit against appellant for the recovery of damages for his alleged injuries. The issues were made up and a trial was had and resulted in a verdict and judgment in favor of appellee in the sum of $1,165. Motion and grounds for a new trial were filed which were overruled. This appeal results. A number of alleged errors are assigned and urged in brief for appellant as grounds for reversal but it will not become necessary to consider all of them. The first complaint, and the one most earnestly stressed in brief for appellant, is that the court erred in overruling her motion for a directed verdict in her favor, made at the close of the testimony.

It is insisted for appellant that appellee, according to his own testimony, was a mere licensee in his use of the rear stairway, which was not the usual mode of ingress and egress to the building and apartments therein, and that appellant owed him no duty of care except to refrain from willful acts of injury. In support of this contention, appellant assigns a number of cases decided by this court and also foreign cases of similar holdings.

On the other hand it is insisted for appellee that his right of action existed under the Statutory Tenement Law of Kentucky, relating to tenement houses in cities of first class, as set out in the Kentucky Statutes, secs. 3037g-2, subsecs. 1 and 2, 3037g-40, and 3037g-41, and in support thereof are cited the cases of Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825; Howard's Adm'r v. Hunter, 126 Ky. 685, 104 S. W. 723, 31 Ky. Law Rep. 1092; Clark's Adm'r v. Louisville & N. R. Co., 101 Ky. 34, 39 S. W. 840, 18 Ky. Law Rep. 1082, 36 L. R. A. 123; Interstate Coal Co. v. Baxavenie, 144 Ky. 172, 137 S. W. 859; Home Realty Co. v. Carius, 189 Ky. 230, 224 S. W. 751; Offutt v. O'Leary, 204 Ky. 726, 265 S. W. 296; Cohen v. White, 206 Ky. 209, 266 S. W. 1078; Dodson v. Herndon, 147 Ky. 181, 143 S. W. 1011.

Upon careful examination of these cases we find that they deal with questions between landlord and tenant and other conditions not analogous to the instant case, except the case of Offutt v. O'Leary, supra, which is favorable to the appellant. In this case, Offutt, who was an insurance agent, entered the premises to see one of the tenants thereon for the purpose of collecting insurance premiums. In the late afternoon near dark he was making the usual trip and found the path leading

to the premises covered with water. In avoiding step-
ping in the water he stepped on a cellar door and pro-
ceeded on his way to the house, and after collecting the
premiums from the tenant, he endeavored to return in
the same way. The hinge on the cellar door had rotted
and as he stepped upon the center of the door, it gave
way and he fell to the cellar steps below and broke his
arm. In a suit for the injuries thus sustained he re-
covered in the lower court, from which an appeal was
prosecuted to this court. It was held by this court that
he was not entitled to recover for the injuries received
under the circumstances. Said the court:

> "Unquestionably, under the facts stated, it
> was appellant's [landlord] duty to use reasonable
> care to have and maintain the path in a safe con-
> dition for the use of the tenants occupying the
> building, and also for the use of those visiting them
> on business, or for pleasure. 16 R. C. L. pp. 1072,
> 1073; Dodson v. Herndon, 147 Ky. 183, 143 S. W.
> 1011; Hess v. Hinkson's Adm'r, 96 S. W. 436, 29
> Ky. Law Rep. 762; Miles v. Tracey, 89 S. W. 1128,
> 28 Ky. Law Rep. 621, 4 L. R. A. (N. S.) 1142;
> Baker v. Best, 107 S. W. 1192, 33 Ky. Law Rep. 1.
> It is equally clear that the liability of the landlord
> does not extend to injuries occasioned by defects in
> the portions of the premises not intended to be
> used as an entrance, exit, or passageway. 16 R.
> C. L. p. 1074; Barry v. Cemetery Ass'n, 211 Mo.
> 105, 109 S. W. 559, 124 Am. St. Rep. 773; Mazey v.
> Loveland, 133 Minn. 210, 158 N. W. 44, L. R. A.
> 1916F, 279."

The court further said that while the conditions of
the path rendered ingress and egress difficult and for
this the tenants may have complained to the landlord,
but this did not authorize Offutt to make another route
of his own and when he did so he became a mere li-
censee to whom the landlord owed no duty except to
refrain from willful and wanton negligence. Citing
Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S. W.
657, 24 L. R. A. (N. S.) 497; Cumming's Adm'x v.
Paducah Grain & Elev. Co., 190 Ky. 70, 226 S. W. 345.

In the case of Branham's Adm'r v. Buckley, 158
Ky. 848, 166 S. W. 618, 619, Ann. Cas. 1915D, 861, Bran-
ham came upon the premises for the purpose of having
corn ground into meal, and while in the mill waiting

for it to be ground, he went into the boiler room for the purpose of warming himself and while there, the boiler exploded and threw hot water on him which resulted in his death. It was held that no recovery could be had for the injury and death of Branham, upon the theory that his business at the mill did not require him to be at the place which he was injured. Said the court:

"The owner or occupant of premises, who induces others to come thereon by invitation, express or implied, owes them the duty of using reasonable or ordinary care to keep the premises in a safe condition; but he is not an insurer of the safety of such persons."

Very obviously the instant case falls within the rule of the cases supra. Appellee did not receive his injury by the use of the passway provided for the purpose of ingress and egress. He was using a back stairway which led to the back portions of the premises which was not used as a mode of ingress or egress, and he thereby became a licensee to whom the landlord owed no duty except to refrain from willful and wanton negligence. Cases supra.

Appellee testified that the stairway was dark and he had not theretofore used it. In his voluntary use of this stairway, in the circumstances, he thereby assumed the risks incident thereto. Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S. W. 22. It follows that the court erred in failing to sustain appellant's motion for directed verdict.

As the case has to be reversed for the reasons indicated, it is not necessary to pass upon other questions raised in the briefs.

The judgment is reversed and remanded for proceedings consistent herewith.