Harry L. Hargadon, Jr., Louisville, for appellant.

R. I. McIntosh, Louisville, for appellee.

MONTGOMERY, Judge.

Thomas A. Whelan sued Clarence E. Van Natta, doing business as Van Natta Grocery, for damages resulting from injuries sustained when he fell into an open stair well in the floor of Van Natta's grocery. Whelan appeals from a judgment in favor of Van Natta. He contends that he was an invitee on the premises and was entitled to be warned of the danger and that he was not contributorily negligent.

Appellee conducted a grocery in a converted house in Louisville. The partitions had been removed. A wall divided the front part of the building from a storage room in the rear. A doorway connected the two rooms.

At about 8 a. m. on March 20, 1961, appellant arrived at the store to purchase cigarettes. He had traded there regularly for the past ten years. Appellant made his purchase and then inquired of appellee

---

**Thomas A. WHELAN, Appellant,**

**v.**

**Clarence E. VAN NATTA, Doing Business as Van Natta Grocery, Appellee.**

Court of Appeals of Kentucky.

June 26, 1964.

Rehearing Denied Oct. 16, 1964.

about a box for his son. Appellee was busy behind the counter. He replied, "Go back in the back room. You will find some back there."

Appellant went to the rear of the store and opened the door to the storage room. The room was dark so appellant paused to allow his eyes to become accustomed to the darkness. He testified that he did not see a light cord and did not look for one. There was a light in the room but it was so situated that if turned on it might not have illuminated the stair well. Across the room and above the stair well there was a window, through which little light filtered because of paint or dirt.

After appellant's eyes had adjusted to the darkness, he saw a box. On reaching down to pick it up, he discovered it was full. Appellant then walked about twelve or fifteen feet toward the window and fell into an unseen stair well, sustaining his injuries.

The stair well was located beyond a large walk-in refrigerator as appellant approached it. The opening extended a foot or two beyond the refrigerator and into the ten or twelve-foot corridor or walkway leading past the refrigerator.

Appellant said that he never before had been in the storage room. Appellee testified that appellant had been in the room on two or three occasions; that he did not warn appellant of the existence of the stair well; that the storage room light had been on that morning when he had opened the safe located in the room; and that he could not say whether the light was still on at the time of appellant's fall.

▉▉▉ The trial court held that appellant was a licensee at the time of his fall to whom appellee owed no duty to provide a safe place, save and except to have abstained from doing any intentional or willful act endangering his safety or knowingly letting appellant run upon a hidden peril. Ockerman v. Faulkner's Garage, Inc., Ky., 261 S.W.2d 296. Appellant contends that he entered the store on business with appellee and thus had the status of an invitee and that he still occupied this status when he fell and was injured. The question is: "Did the status of appellant change from invitee to licensee after he made his purchase and went into the storage room to obtain the box?" The status of appellant determines the degree of responsibility of appellee.

Pertinent discussion of the scope of the invitation is contained in Torts, Restatement of the Law, Second, Chapter 13, Section 332, page 67, as follows:

"The possessor of land is subject to liability to another as an invitee only for harm sustained while he is on the land within the scope of his invitation. Thus an invitee ceases to be an invitee after the expiration of a reasonable time within which to accomplish the purpose for which he is invited to enter, or to remain. Whether at the expiration of that time he becomes a trespasser or a licensee will depend upon whether the possessor does or does not consent to his remaining on the land.

"Likewise, the visitor has the status of an invitee only while he is on the part of the land to which his invitation extends—or in other words, the part of the land upon which the possessor gives him reason to believe that his presence is desired for the purpose for which he has come. In determining the area included within the invitation, the purpose for which the land is held open, or the particular business purpose for which the invitation is extended, is of great importance. * *."

\* \* \* \* \* \*

"If the invitee goes outside of the area of his invitation, he becomes a trespasser or a licensee, depending upon whether he goes there without the consent of the possessor, or with such consent. Thus one who goes into a shop which occupies part of a building,

the rest of which is used as the possessor's residence, is a trespasser if he goes into the residential part of the premises without the shopkeeper's consent; but he is a licensee if the shopkeeper permits him to go to the bathroom, or invites him to pay a social call."

Lerman Brothers v. Lewis, 277 Ky. 334, 126 S.W.2d 461, is an example of the principle stated as applied to similar facts. There, a customer who went into a store for the purpose of doing some shopping and, with permission, proceeded to an alteration room reserved for employees in search of a particular saleswoman and who, upon entering therein, fell down a stairway, was held to be a licensee who was required to take the premises as she found them, and, hence, the storekeeper was not liable for her injuries. For other examples of exceeding or abusing license or invitation see Smith v. Trimble, 111 Ky. 861, 64 S.W. 915, 23 Ky.Law Rep. 1206; Commonwealth v. Henderson's Guardian, 245 Ky. 328, 53 S.W.2d 694.

■ Further, appellant was contributorily negligent, in that he did not turn on the light that was available, nor did he look for the light, and proceeded to look for the box in a darkened room after realizing that he could not see well in the room. Johnson v. Paducah Laundry Co., 122 Ky. 369, 92 S.W. 330, 5 L.R.A.,N.S., 733; Tempest v. Richardson, 5 Utah, 2d 174, 299 P.2d 124. One who enters darkness, realizing his difficulty in seeing, assumes the risk of unseen hazards that could be seen with the aid of light. Stellar v. Sclarenco, 249 Ky. 325, 60 S.W.2d 946; Forman v. Silver, Ky., 313 S.W.2d 420. Similarly, one who walks ahead without seeing what normally should be seen or without looking assumes the risk of unseen peril. Entwistle v. Carrier Conveyor Corporation, Ky., 284 S.W. 2d 820; Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405; Pease v. Nichols, Ky., 316 S.W.2d 849.

Judgment affirmed.