Smith v. Trimble.

---

CASE 97—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES—
OCT. 29.

# Smith v. Trimble.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

MASTER AND SERVANT—SERVANT OF INDEPENDENT CONTRACTOR—DANGEROUS PREMISES.

Held:   Where plaintiff, a servant of an independent contractor, working on the interior of a house, stepped upon a balcony for his own convenience in calling to a fellow workman below, and the balcony fell by reason of its weakened condition, which was unknown to plaintiff, the owner of the house, is not liable for the injury to plaintiff resulting therefrom, as plaintiff was not required, expected or invited to go upon the balcony.

Smith v. Trimble.

H. D. GREGORY AND CECIL PENCE FOR APPELLANT.

Appellant was sent by his employer to hang paper in appellee's dwelling house in the city of Covington. He was in a room up stairs at work. His assistant was down on the ground making paste for appellant. In order to communicate with his assistant, to ask him to bring up some paste, he stepped out through a back door on to a back porch or balcony, and the porch gave way and threw him heavily on the ground below, severely injuring him, making him a cripple perhaps for life. It was not necessary for him to have gone out on the back porch, as he could have gone down the front stairway, which was the way he went up to do his work, but by going out on the back porch he could communicate with his assistant without going down stairs. The back porch was known by the owner to be unsafe, but this was not known to appellant. The door leading thereto was standing a little ajar, and plaintiff could thereby see the back porch, but could not see that it was unsafe.

Upon these facts being made to appear by the evidence for appellant, on the trial the court on the motion of the appellee gave the jury peremptory instructions to find for appellee on the ground that he was a trespasser in going on the back porch, and that appellee owed him no duty in giving him warning of its condition, and from this ruling this appeal is prosecuted.

We insist that it can not be said, as a matter of law, that this porch was a private part of appellee's premises to the same extent as his private bedroom, and that the question of the negligence of the appellant in using it, and of the appellee in failing to notify appellant of its unsafe condition should have been submitted to the jury by proper instructions.

## AUTHORITIES CITED.

Kinney v. Onsted, 38 L. R. A., 665; Union Warehouse Co. v. Prewitt's Adm'r, 21 Ky. Law Rep., 67; McKee v. Bidwell, 24 Penn., 218; Somerby v. Buntin, 118 Mass., 287; Shearman & Redfield, sec. 706; Bransom's Adm'r v. Harbrit, 81 Ky., 642.

FURBER & JACKSON FOR APPELLEE.

Appellee owned the house and premises where appellant was hurt, but did not occupy it. It was rented and being used as a boarding house, containing nine rooms. Appellee authorized his rent collector, Sandford, to have four rooms papered—three down stairs and one up stairs. Sandford let the contract

Smith v. Trimble.

to Mayberry, who was a paper dealer, and Mayberry sent two of his workmen, appellant and Reed, to do the work. After papering the down-stairs rooms the first day, they, on the second day, went up the porch stairway—the usual and most direct way to go—to paper the third room back. Appellant came down to get some water and went up the same stair, and Reed came down to mix some paste. Appellant went out of the room to be papered to call Reed, and in doing so went away from the usual means of access onto a small, separated balcony, which gave way. This balcony led into a servant's room and was shut off from the main portion of the building and had, about two weeks before, been discovered by the tenant to be unsafe. Appellant, in his testimony, stated: "I did not ask anybody whether the balcony was safe. I did not ask anybody's permission to go through the small door out onto the balcony. The room I was papering did not open onto the balcony, and it was not necessary to go out onto it in order to go to or from that room."

We claim the duty of appellee: Being the owner or occupant of premises to a portion of which he has invited others to enter, he will see that those parts to which he has invited them and the usual ways of access to them are reasonably safe, but if they enter such other parts of the building as they were not invited to go into, as were not intended for visitors, as were used for the private purposes of the owner or occupant or to which he had no reasonable expectation that they would go, or that it would be necessary for them to go, they became mere licensees.

This being true, there was nothing for the jury to determine, no testimony to weigh, no facts to be ascertained, only a question of law for the court to determine as to the rights and duties of the parties under the facts. This the court did and instructed the jury to find for the defendant as in the case of a non-suit.

### AUTHORITIES CITED.

Duties of appellee—Owner to one invited onto premises—To what portions of the premises does this duty extend. Kinney's Adm'r v. Onsted, 113 Mich., 96; 38 Law Rep. Ann., 665; 1 Thompson on Negligence, sec. 308; Schmidt v. Bauer, 80 Cal., 565; 5 Law Rep. Ann., 580; Zoebusch v. Tarbell, 10 Allen (Mass.), 386; Weeks on Damnum Absque Injuria, sec. 31; Hart v. Grinnell, 122 N. Y., 371; Gaffney v. Brown, 150 Mass., 479; Sweeney v. Barrett, 150 Pa. St., 600; Shearman & Redfield on Negligence, sec. 704; Parker v. Portland Pub. Co., 69 Me., 173;

Carleton v. Franconia Iron & Steel Co., 99 Mass., 216; Bennett v. L. & N. R. R., 102 U. S., 577; Pierce v. Whitcomb, 48 Vt., 127; Wilkinson v. Fairrie, 1 Hurlst. & C., 633; Murray v. McLean, 57 Ill., 378; Victory v. Baker, 67 N. Y., 366; Toomey v. Sanborn, 146 Mass., 28; Holmes v. N. E. R. R. Co., L. R. 4 Exch., 257.

Duties of appellee—One who enters premises by invitation—Including licensees. Buswell on Personal Injuries, sec. 80; Armstrong v. Medbury, 67 Mich., 250; Shearman & Redfield, sec. 704.

## PEREMPTORY INSTRUCTION.

Shearman & Redfield on Negligence, sec. 52; Buswell on Personal Injuries, sec. 65; Parker v. Jenkins, 3 Bush, 587; Stephens v. Brooks, 2 Bush, 137.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant, a workman of a contractor papering certain rooms of appellee's house, was injured by stepping onto a balcony leading from an upper porch to an adjacent room, when the balcony fell, precipitating him to the ground and injuring him. It was not necessary to use this balcony in going to or from the rooms upon which he was at work, but he did use it, without the knowledge or consent of appellee, for his (appellant's) greater convenience in calling to a fellow workman below. The falling of the balcony was primarily caused by its unsafe and weakened condition, unknown to appellee. The circuit court gave the jury a peremptory instruction at the close of plaintiff's evidence to find for the defendant. The question presented here is, what was appellee's duty to appellant under the circumstances? We are of opinion, and so hold, that appellant, while engaged in that work, in using such parts of appellee's premises as were reasonably necessary to enable him to do his work, was on the premises under the assurance in law by appellee that such parts so necessarily used were reasonably safe for the purposes of such

use.    But beyond that appellee owed appellant no duty greater than to a stranger or trespasser.    And when appellant, without invitation or knowledge of the owner, went into or upon other parts of the premises, not necessary for the performance of his labor, he assumed all the risks of doing so.    He was neither required, expected, nor allured to be at the place where he was injured, and consequently appellee was under no duty to him to provide there a place of safety.    "In entering or leaving premises the visitor is bound to use the ordinary and customary place of egress and ingress, and if he adopts some other way he becomes a mere licensee, and can not recover for defects outside or not substantially adjacent to the regu-lar way."    Shear & R. Neg., 704.    The question of negligence is one of mingled law and fact.    It is said to include these two facts:    (1)  Whether a particular act has been performed or omitted; and (2) whether the performance or omission of this act was a breach of legal duty. The first of these is a pure question of fact; the second, a pure question of law.    Then, when the facts showing the act (that is, showing the circumstances under which the injury occurred) are admitted in the manner and to the extent claimed by the complainant, whether they, in law, impose a legal liability on the person sued,—the owner of the premises in this case.—is a question purely of law. Plaintiff's evidence failing to show defendant's legal liability, it was proper for the trial court to withdraw the case from the jury by an instruction for a nonsuit.    Stewart v. President, etc., 12 Allen, 58; Gilbert v. Nagle, 118 Mass., 278; Parker v. Jenkins, 3 Bush, 587.

Judgment affirmed.

Petition for rehearing and modification by appellant overruled.