## Wall v. F. W. Woolworth Company.

(Decided May 26, 1925.)

### Appeal from Campbell Circuit Court.

1. Negligence—Injured Customer Must Prove Place was Open for Use.—In an action for injuries when customer at a store fell down a stairway, plaintiff to recover was required to prove that stairway in that part of defendant's premises thrown open to customers.

2. Negligence—Merchant Required to Keep Safe Only Part of Premises to which Customers are Invited.—A merchant is required to

keep safe only that part of his premises to which his customers are invited, and is not responsible for unsafe condition of those parts of his premises not intended for reception of visitors or customers, and where they are not expected or invited to go.

3. Negligence—Merchant Held Not Liable for Injuries to Customer Falling Down Stairway Not Set Apart for Customers.—Mercantile company held not liable for injuries to customer falling down a stairway on its premises where stairway was behind a counter and guarded by a gate, and was not within area of store set apart for use of customers, as customer was either trespasser or licensee.

4. Negligence—Licensee Must Take Premises as Found.—A licensee is obliged to take premises as she finds them.

HOWARD M. BENTON for appellant.

BARBOUR & BASSMANN and HARMON, COLSTON, GOLD-SMITH & HOADLEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Nannie Wall, entered the store of the Woolworth Company, of Newport, for the purpose of purchasing a clothes line. The counter at which this article was sold was located at the rear of the store. The line was on a spool that hung overhead and near the end of the counter. A young saleslady was in attendance. The line was entangled on the spool and the saleslady was having difficulty in getting it loosened.

Appellant, Mrs. Wall, attempted to aid the saleslady in untangling the line and to do so stepped around the end of the counter and through a small swinging gate. In doing this she fell down a stairway, inflicting injuries for which she brought this suit against the Woolworth Company to recover damages.

At the conclusion of her evidence the court sustained a motion of the Woolworth Company to instruct the jury to find and return a verdict for it. Judgment being entered in accordance with the directed verdict, Mrs. Wall prosecutes this appeal.

Appellant testified that she was standing right in front of the counter at the time she discovered that the rope was tangled and she offered her assistance to the saleslady, and suiting her action to her words she immediately stepped behind the counter, with the result above stated. She said she did not notice the gate and did not see or know of the existence of the stairway until after

she had fallen; that while it was not her first visit to the store it was the first time she was ever at this counter. During her examination her counsel introduced by her a map, which had been prepared by appellee company and brought to the courtroom by its counsel, showing the arrangement of the inside of the store, including the counters, gate and stairway. The diagram shows the counter to be ten (10) feet long and about two (2 ft. and 9 inches) feet and nine inches wide; to the rear of the counter are steps going into the basement; at the end of the counter is a swinging gate which shuts off the public from the stairway. The diagram also shows it is two feet and six inches (2′ 6″) from the end of the counter to the first step going down into the basement. Appellant was unable to state how far the steps were from the end of the counter, and she was not sure there was a gate. She stated, however, that she only went to the rear corner of the counter to which the gate is attached, and that she did not make another step. She did admit that the map was about correct, so far as she knew. Her counsel had her make it a part of her evidence. Inasmuch as it showed that the hatchway was guarded by the swinging gate and that the stairway was some two and one-half (2½) feet from the gate and the end of the counter, the court concluded that she was either a trespasser or at most a mere licensee in going behind the counter; that the space behind the counter was for salespeople only and not for purchasers, and the company was under no duty to make the place behind the counter safe for her and other customers. In other words it was encumbent upon plaintiff, Mrs. Wall, to make out her case and to do so it was necessary for her to prove that the stairway into which she fell was in that part of the defendant company's premises which were thrown open for use by customers. If the stairway was upon a part of its premises to which the public was not invited and had no right to go, the company, as to appellant, owed no duty to have and keep the place safe. The general rule, as stated in Thompson on Negligence, section 988, is that a merchant is not required to keep his premises safe but only that part to which his customers are invited. But this duty does not extend so far as to make such an occupant responsible for the unsafe condition of those parts of his premises not intended for the reception of visitors or customers, and where they are not expected or invited to go.

In Keeran v. Spurgeon Mercantile Co. (Iowa), 199 N. W. 99, the court in considering a case the facts of which were much like the ones before us, said:

"One who is on the premises of another as a customer for the purpose of purchasing goods is there by implied invitation and is entitled to the care and protection due an invitee. Even though a person is an invitee upon the premises of another, the duty of the owner of the premises to maintain the same in a safe condition applies only to that part of the premises that are appropriated by the owner as a place in which his business is conducted and the necessary and proper part of said premises reasonably to be used by the invitee to gain access to the portion of the premises used for purposes of business. The invitation, express or implied, to conduct business upon the premises, is an invitation to use the premises in the ordinary and usual manner in which business is conducted thereon, and does not render the owner or occupant of the premises liable for negligence where the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which the occupant would not reasonably expect the invitee to use in connection with the conduct of business on said premises (citing authorities)." Ferguson and Palmer v. Ferguson's Admr., 114 S. W. 297; Smith v. Trimble, 23 R. 1206.

Much to the same effect is the opinion in Menteer v. Scalzo Fruit Co., 240 Mo. 177, 144 S. W. 833, where it was held:

"A merchant's duty to use ordinary care to keep premises to which he expressly or impliedly invites cutomers in a safe condition arises out of the invitation, which cannot be enlarged by the customer to include parts of the premises to which it does not extend, and, when the customer or invitee steps beyond the bounds of his invitation, he is a mere licensee at most, and can complain only of wanton or intentional injury or active negligence, and so a customer of a fruit company who entered its establishment through a door leading to the shipping room, instead of the one where customers were received, was at most a mere licensee, and the merchant is not liable

for his death resulting from his fall in the shaft of a freight elevator.''

Continuing the court said:

"This is not a case in which one has been injured by falling into an opening negligently left in or near a place where he is or where it is intended or ought to be expected he will be in his character as invitee (citing authorities), nor one in which the injury resulted from the deceptive similarity of two entrances in close proximity to each other, one of which the injured person was invited to use (citing authorities), and the other of which he entered by mistake. On the contrary, according to the evidence in this case, the facts are that deceased entered a part of the building not designed for the use of unattended customers and did so without invitation from defendant. That under these circumstances no recovery can be had for his death is well settled (citing authorities)."

As the hatchway door through which the appellant, Mrs. Wall, fell to the basement was behind a counter and was guarded at the end by a gate situated two and one-half (2½) feet from the first step leading to the basement, it must be admitted that she as a customer was not within the area of the store set apart for the use of customers, and she was therefore a trespasser, or at most a licensee, when she stepped through the gate behind the counter and fell down into the basement. Had she remained on the outside of the gate she would not have fallen down the steps. It was her negligence in going behind the counter, a place with which she was not acquainted, without looking to see what was there, which brought about her injuries. Had this stairway been unguarded in that part of the store to which the public was invited and she had fallen down it, her cause of action would be plain, but her evidence fails to show that the company was negligent in any way, for it makes plain beyond cavil that the hatchway through which she fell was securely guarded against entrance by patrons of the store. It was not close to where she was required or expected to go or be. She had to leave the premises to which customers were invited before she could get to the hatchway. Having done this she entered upon the premises which the merchant was not under obligation to make and keep safe.

As a licensee she was obliged to take the premises as she found them. Bales v. L. & N. R. R. Co., 179 Ky. 207; Indian Refining Co. v. Moberly, 134 Ky. 822.

However much Mrs. Wall's injury may be regretted, the trial court had no alternative but to sustain the motion of the appellee company and direct the jury to find and return a verdict for it, the facts considered. The judgment must be and is affirmed.

Judgment affirmed.