No. 33,120

EARL JONES, *Appellant,* v. E. M. SWATSZEL and MRS. E. M. SWATSZEL, *Appellees.*

(64 P. 2d 555)

▉▉▉▉ Opinion filed January 23, 1937. ▉▉▉▉

*Payne H. Ratner* and *W. D. Atkinson,* both of Parsons, for the appellant. *W. W. Brown,* of Parsons, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries plaintiff sustained by falling through a second-story window, alleged to have been caused by the negligence of the defendants, owners of the building. Defendants' separate demurrers to the second amended petition were sustained, and plaintiff has appealed.

The pertinent portions of the petition may be summarized as follows: That defendants own a certain two-story brick and stucco building, about 60 by 100 feet, situated on the corner of a block in Parsons, on the second floor of which there is a large hall, about 60 by 60 feet, used for public entertainments, including dances; that near the center of the side of the building is a stairway from the street to the second floor, where there "is an anteroom through which guests enter, associate, recreate and rest, especially between dances, and at their pleasure pass from said room into said large north hall," where public dances and other entertainments are held; that in the outer walls of the large hall there are twelve windows, about 3 by 9 feet, with wide lower sills or casings, and in the anteroom there are three such windows, the lower sills of which are 13 inches lower than those of the windows in the large room; that sometime prior to the incident which gives rise to this action defendants leased the second floor of this building to the Veterans of Foreign Wars, a fraternal and social organization, which gave,

or authorized, the public entertainments there conducted; that it was the practice of this organization to conduct public dances in the leased premises every Saturday evening; that it was the practice of some of the dancers, including plaintiff, if warm or tired at the close of a dance, to sit on the lower sill of the windows in the large room for rest and ventilation, which practice was known to defendants; that on the evening of January 19, 1935, plaintiff had attended one of the dances held by the Veterans of Foreign Wars, or under its authority, on the leased premises; that about eleven o'clock that evening, when returning to the large hall through the anteroom, being tired from dancing, he undertook to sit down on a window sill in the anteroom; that "he did not see and did not know the windows in said anteroom were lower than the windows in the north room or dance hall; that plaintiff because thereof in attempting to sit down lost his equilibrium, and helplessly fell against the north window in which he attempted to seat himself, with such force as to break through the window glass and fall to the brick sidewalk below, a distance of approximately sixteen feet," causing personal injuries, which are described; that it was the duty of defendants, in the exercise of due care, previously to have placed bars, or screens, across the windows in the anteroom, or provided some other safety device to prevent one in the anteroom from falling through the windows; that they had negligently failed to do so, and that such negligence was the proximate cause of plaintiff's fall through the window, and of his injuries resulting therefrom.

The demurrers were upon the ground the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendants.

Since there is no allegation in the petition to the contrary we may assume windows were placed in the outer wall of the building for the ordinary purposes of light and ventilation. There is no allegation that the window sills or casings were constructed or designed for seats, nor is there any allegation that they were dangerous to anyone if used for the ordinary purposes of light and ventilation, or that they were not suitable for that purpose; neither is it alleged they were not well constructed, or that they were out of repair. Defendants were not conducting the dance attended by plaintiff. They had leased the property to an organization which was conducting the entertainment. It is alleged that the windows in

the anteroom are thirteen inches lower than those in the large hall, but the distance above the floor of the windows in either room is not given. There is no allegation that there were insufficient seats in the hall or in the anteroom, or that there was any necessity for plaintiff to attempt to sit in the window. He did that from choice, and apparently without looking, for it is alleged that "he did not see and did not know" the height of the window sill from the floor. It is not alleged defendants did anything to prevent his seeing and knowing those facts, hence his failure to see and know is no fault of defendants.

The Veterans of Foreign Wars, defendants' tenant, was conducting the dance. It had the duty and authority to supervise the conduct of those attending the dance. Defendants had no authority or duty in that matter. The fact that some who attended the dances misused the window sills as seats, even if known to defendants, creates no liability against defendants, for it is a matter concerning which the tenant, not the landlord, was in authority. (*DeTarr v. Heim,* 62 Kan. 188, 192, 61 Pac. 689; *Kallenbach v. Manne,* 138 Kan. 797, 28 P. 2d 746; *Bates v. Stearns,* 141 Kan. 814, 44 P. 2d 278.)

Appellant advises us that he bases his charge of negligence and his cause of action largely upon the case of *Turner v. Kent,* 134 Kan. 574, 7 P. 2d 513. In that case the owner of a store building leased it to a tenant, who conducted a retail store therein. At the time the lease was made, and continuing until the time of the injury for which the action was brought, there was a hole in the floor near a counter where persons trading and examining merchandise with a view of buying would naturally walk. A customer got a foot caught in the hole and sustained injuries. Both the landlord and the tenant were held liable. We have no such situation here. There the floor was designed for patrons of the store to walk upon in transacting business, and was being used for that purpose. Here the window was designed for light and ventilation. Plaintiff was not using it for those purposes. He was attempting to use it for a purpose for which it was never constructed, hence the case relied upon is not in point.

Plaintiff argues he was an invitee upon the premises, but an invitee who goes beyond the scope of his invitation into a place of danger loses for the time being his status as an invitee. (45 C. J. 830 to 835; *Kurre v. Graham Ship By Truck Co.,* 136 Kan. 356, 15

P. 2d 463; *Boggs v. Capwell Central Market*, 136 Cal. App. 687, 29 P. 2d 448.)  Even as to an invitee the owner of the premises is not an insurer.  He is not liable when the danger is as obvious to the invitee as it is to himself.  (20 R. C. L. 56, 57.)  More than that, in this case plaintiff was the invitee of the tenant rather than of defendants.

We are unable to find in the petition allegations of the duty owed plaintiff by defendants which they neglected to perform. They furnish their tenant, for the holding of dances and other entertainments, a building consisting of a large room suitable for that purpose, with an appropriate stairway from the street to it, through an anteroom where guests enter, associate, recreate and rest and pass into or from the large room at their pleasure.  In each room there are windows in the outer wall for light and ventilation.  It is not alleged that any part of the building was improperly or dangerously constructed, unless it be the allegation that the window sills in one room are lower than in the other, without stating the height in either of them.  There is no allegation that any part of the building was out of repair.

The petition shows, also, that plaintiff failed to exercise due care for his own safety, and that such failure was a direct cause of his falling through the window, with resulting injuries.  In addition to attempting to use the window for a purpose for which it was not constructed plaintiff "did not see and did not know" the height of the window sill.  He does not allege he was prevented by anything or by anyone from seeing and knowing that fact.  Certainly he does not allege defendants so prevented him.  There is no allegation he could not have seen if he had looked, or that he could not have known if he had given attention to what he was doing.  Yet he precipitated himself into the window, obviously with considerable force.  These allegations more nearly state a cause of action against himself than against defendants.  It is alleged that because he did not see and did not know the height of the window, and because he attempted to use it for a purpose for which it was not constructed, he "lost his equilibrium" and fell through the window.  The fact that one loses his equilibrium does not of itself establish a cause of action against another; certainly not unless such other person did something which caused the loss of equilibrium. Respecting a somewhat similar situation, the supreme court of Connecticut, in the opinion in *Pavlovchik v. Lupariello,* 101 Conn. 567, 127 Atl. 18, used this language:

"With animate as with inanimate bodies stable equilibrium requires that the center of gravity be kept over and within the plane of the base, and conduct which contravenes this mechanical principle endangers safety and is negligent." (p. 574.)

In the petition it is alleged that sometime after the casualty defendants placed, or caused to be placed, rods across the window. Appellant argues that in itself is an admission on the part of defendants of the dangerous condition of the window at the time of the casualty. Whatever prompted this to be done cannot of itself establish negligence against defendants. That must depend upon the allegations of the petition as to the structure of the hall, the anteroom, windows, window sills, and the relation of the parties thereto. In any event it could not overcome the allegations of the petition showing plaintiff's lack of due care.

The judgment of the court below is affirmed.