No. 34,993

NANETTE L. KLISH, *Appellant*, v. THE ALASKAN AMUSEMENT COMPANY, THE WICHITA ICE HOCKEY ASSOCIATION, THE WIBLE ICE & COLD STORAGE COMPANY, S. N. WIBLE, and ELLA WIBLE, *Appellees*.

(109 P. 2d 75)

Opinion filed January 25, 1941.

*Clarence R. Sowers, Claude E. Sowers* and *Byron Brainard,* all of Wichita, for the appellant.

*W. D. Jochems, Emmet A. Blaes, Paul J. Wall, Carl I. Winsor, Z. Wetmore* and *George M. Ashford,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries. Defendants' demurrer to plaintiff's petition was sustained, and she has appealed.

In the petition it was alleged that defendants managed, controlled and operated a theater known as the Alaskan Ice Palace, in Wichita, as a public place of amusement for games of ice hockey; that on a date named plaintiff purchased a reserve seat ticket for admission to one of the games; that defendants thereby impliedly warranted they would exercise ordinary care for plaintiff's protection while viewing the game; that she attended the game and was seated next to the aisle in the second or third row; that defendants negligently permitted the aisle next to her seat to become overcrowded by patrons and spectators who apparently were unable to find seats, and negligently permitted concessionists, who may or may not have been employees of defendants, to circulate among the people standing in the crowded aisle for the purpose of selling programs; that while the game was in progress and plaintiff was giving her attention to it

one Philip Razook, while attempting to sell programs in the crowded aisle, and because of the jostling of the crowd in the aisle, lost his balance and fell, feet forward, down the aisle, and one of his feet struck plaintiff in the back, causing serious physical injuries, resulting in plaintiff's damage in a sum named.

It will be observed there is no claim that the premises, or any part of it, was defective. It is not contended that Razook was an agent or an employee of defendants. Neither is it alleged that defendants knew the aisle was overcrowded. With commendable frankness appellant's theory of the case is stated in her brief as follows:

"The theory of the appellant is that regardless of agency, a theater proprietor impliedly represents to patrons of a theater and impliedly undertakes when he accepts patrons to his theater, that the premises are reasonably safe and that the seat occupied by the patron is a reasonably safe place to view the performance. . . . and that the overcrowding of the aisles of the theater is something that the proprietor of the theater impliedly has knowledge and should protect the patrons against."

We think this position cannot be sustained. While the proprietor of a place of public amusement is held to a stricter accountability for injury to patrons than owners of private premises generally, the rule is that he is not an insurer of the patrons but owes them only what under the particular circumstances is ordinary or reasonable care. There is no occasion here to write a thesis on the subject. One interested may find extensive notes in 22 A. L. R. 610; 29 A. L. R. 29; 38 A. L. R. 357; 44 A. L. R. 203; 53 A. L. R. 855; 61 A. L. R. 1289, and 98 A. L. R. 557. Crowds are common at theaters and other places of amusement. That there may be some jostling in such crowds is inevitable. That someone may fall and sustain injury, or cause injury to others, always is a possibility. These conditions are so common that those who attend such places are presumed to know of them.

To permit crowding in a place of amusement is in itself not negligence. (*Thurber v. Skouras Theaters Corp.*, 112 N. J. L. 385, 170 Atl. 863.) The degree of care required of common carriers is higher than that of the managers of theaters, but carriers are not negligent in permitting their cars to be overcrowded, though they are responsible for damages which necessarily result from overcrowding. (*Moulton v. Boston Elevated Railway*, 236 Mass. 234, 127 N. E. 886.) Here, the fact that Razook fell is no evidence of defendants' negligence. In *De Salvo v. Stanley-Mark-Strand Corp.*,

281 N. Y. 333, 23 N. E. 2d 457, patrons of the theater were walking along the mezzanine floor when they were shoved by a crowd and fell over a railing, causing injury to themselves and to persons below. The railing had been well constructed from plans prepared by a competent architect. It was held the operator of the theater was not liable. In the recent case of *Kallish et al., Ap., v. Base Ball Club*, 138 Pa. Sup. 602, 10 Atl. 2d 831, the manager of the ball club had sold so many tickets that one in seven of the patrons were unable to get seats. Several patrons were standing upon a parapet or rampart at the top of the stand, with their hands upon the rafters overhead and where their conduct was a menace to the safety of others. They were "squirming and trying to hold on" and "were pushing and pulling one another." One of them fell and injured a boy below him. In an action for damages for injuries to the boy, in a carefully written opinion, it was held the baseball club was not liable. There are cases where the crowding was so strenuous, and with the actual knowledge of employees or agents of the management, and care not being taken to prevent injuries which resulted, the question of liability of the management was held to be a jury question; or, if liability was found by the triers of fact, the finding was sustained. (*Myers v. K. C. Jr. Orpheum Co.*, 228 Mo. App. 840, 73 S. W. 2d 313; *Mears v. Kelley*, 59 Ohio App. 159, 17 N. E. 2d 386.)

There is no such situation alleged in the petition here. The ruling of the trial court was correct, and it is affirmed.