No. 37,313

Jane Buck, *Appellee*, v. The Miller Amusement Company, Inc.,
*Appellant*.

(200 P. 2d 286)

Opinion
filed November 30, 1948.

*J. B. Patterson,* of Wichita, argued the cause, and *A. W. Hershberger,
Richard Jones* and *Wm. P. Thompson,* all of Wichita, were with him on the
briefs for the appellant.

*Bernard Peterson,* of Newton, argued the cause, and *J. Rodney Stone,* of
Newton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Cowan, J.: This appeal arises by reason of a verdict of $6,000 in
favor of the plaintiff and against the defendant because of a fall of
the plaintiff on November 22, 1945, as she was entering a ladies'
restroom at defendant's movie theater in the city of Newton. The
plaintiff, as a patron, was attending a performance at the defend-
ant's movie theater. The parties will be referred to as they ap-
peared in the court below.

Plaintiff approached the ladies' restroom of defendant's movie
theater. The door to this restroom was hinged on the left side with
the knob on the right side. The door opened inwardly toward the
restroom. The evidence discloses that the lobby floor projected on

a level for about five or six inches beyond the door. Then there was a drop of five inches to a platform three feet square and to the right of the platform was another step-down of about five inches to the level of the restroom floor. A partition wall three feet from the door prevented forward progress of one entering the restroom and required a turn to the right. On this partition wall was a sign, "Step Down," with an arrow pointing to the step. This sign was in block lettering about eight to ten inches high. There was no warning of any kind on the door. Plaintiff testified that she approached the door to the restroom, took hold of the doorknob with her left hand, opened the door, took a step forward and fell; that from this fall she suffered injuries to her right knee, right hip and right wrist. The jury returned a general verdict in favor of the plaintiff and fixed the amount of recovery at $6,000.

In answer to a special question the jury found defendant guilty of "failure to post warning of step-down before the entrance to Ladies' Rest Room." The jury, by its answers to special questions, divided the amount of the verdict into the following elements: $1,500 for pain and suffering; $500 for temporary disability; and $4,000 for permanent disability.

The defendant demurred to plaintiff's evidence; filed a motion for judgment notwithstanding the verdict, and motion for a new trial. All of these were overruled. Defendant really raises but three questions, namely: (1) That there was no evidence establishing negligence on the part of the defendant other than that which might arise by conjecture and speculation; (2) plaintiff's testimony showed that she failed to use any care whatever for her own safety; (3) the verdict is excessive. While plaintiff alleged other grounds of negligence not found by the jury, we need not consider such other grounds, as the special verdict of the jury limits plaintiff's right of recovery to the single basis of negligence, namely, failing to place a warning sign on the door.

The duty owed patrons of theaters has been established by this court. In the case of *Hickey v. Fox-Ozark Theatres Corp.*, 156 Kan. 137, 131 P. 2d 671, it was said:

"Proprietors of places of public entertainment or amusement are not insurers of their patrons, against injury, but are only chargeable with such care as is reasonable under the circumstances." (Syl. ¶ 1.)

In *Mills v. City of Wichita*, 146 Kan. 772, 73 P. 2d 1054, where a step-up at the municipal airport caused an injury, a number of cases

from other jurisdictions are reviewed. An analysis of these authorities shows that a step-down or a step-up, in a public building, does not in and of itself constitute negligence.

Was there anything else in this case which constituted negligence? The lobby was dimly lighted but the interior of the restroom was well illuminated. The evidence does not show how far the plaintiff opened the door nor does it show that she could have seen the sign on partition wall inside the restroom when she had opened the door in order to take the forward step. The plaintiff was a large woman, and defendant says that she must have opened the door a considerable distance to have permitted her body to pass through. This does not necessarily follow. She might have stepped forward with her right foot and lost her balance before her body had fully entered the opening and before enough of the sign was disclosed to warn her before her momentum carried her forward and down. Defendant insists that plaintiff was guilty of negligence in not keeping her eyes on the spot where she was about to step. Plaintiff, as a matter of law, was not guilty of contributory negligence in failing to keep her line of vision on her feet. In *Downing v. Merchants Nat. Bank*, 192 Iowa 1250, 184 N. W. 722, it was said:

". . . We are not prepared to hold that, as a matter of law, a person about to enter a bank, store, or other business building, which the public is invited to enter for the transaction of business, is guilty of negligence in failing to look to the floor of the vestibule or corridor of such a place of business, before crossing the threshold of an open door." (p. 1254.)

In *Durkin v. Kansas City Public Service Co.*, 138 Kan. 558, 27 P. 2d 259, it was contended that a woman crossing the street in which there was a hole was obliged to keep her gaze on the space just in front of her feet. Of this contention this court said:

". . . Plaintiff left the north side of the street and started south, not to look for holes in the pavement, but to get across the street, and in doing so she was observant of the traffic. Whether she was guilty of negligence in going to the point between the rails where she stopped momentarily to permit the automobile to pass, the street car being a considerable distance away, was a question for the jury. The hole in which she stepped was found by the jury to be six inches long and five inches wide, and standing close to the south rail it is very possible that in looking down she would not see it—perhaps her own clothing prevented, perhaps she did not look down so close to where she stood. The hole might be seen very easily under some circumstances and not seen at all under other circumstances." (p. 561.)

There the hole was easily discernible while here the step-down was concealed by a closed door. It cannot be said that, as a matter of

law, a closed door is a warning that there is a step-down just beyond it. As was stated in *Engel v. Smith,* 82 Mich. 1, 46 N. W. 21, 21 Am. St. Rep. 549:

". . . It is a sound rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any." (p. 7.)

We think that, under the circumstances, whether there should have been on the door to the restroom an adequate warning sign of the step-down was a question for the jury. The matter of plaintiff's negligence, if any, was also a jury question. The demurrer to plaintiffs' evidence and the motion of defendant for judgment notwithstanding the verdict were properly overruled. This brings us to the question of whether or not the verdict is excessive.

At the time of the injury, the plaintiff weighed 185 pounds and was five feet, two inches tall, in her shoes. Between the time of the injury and her physical examination just prior to trial, plaintiff's weight had increased to 252 pounds. The morning following her fall she called a doctor who examined the sprained wrist and her hip and knee. He sent some dressing for her arm and two boxes of tablets. She rubbed the dressing on her wrist for about six or seven months. Two weeks after the injury this same doctor was in her home attending plaintiff's husband. While there, this physician looked at her arm but said nothing, and prescribed no additional treatment. For some six or seven months plaintiff wore a leather bracelet around her wrist. During this time she had pain in her knee, hip and wrist, and was indoors for about three months. She testified that for a period of three months she could do very little; that she had no other medical attention until two years later when she was examined by several physicians just before the trial. Two doctors testified for the plaintiff, one of whom had taken X rays and gave his conclusions from these X rays without physical examination of the plaintiff. One doctor testified for the defendant. Plaintiff's difficulties were diagnosed as anxiety reaction with depression, obesity, gallstones, arthritis, a healed fracture of the right wrist, and displacement of the pubic bones at the point where they come together at the front. The fractured wrist was ascribed to the fall. The witnesses testified the other difficulties *could* have been the result of *an* injury but they believed they were probably due to obesity, faulty posture and arthritis. It was stated by these experts that the conditions which they found might have been ag-

gravated by an injury. The wrist was estimated at a 15 percent permanent partial disability.

The facts which must be established to constitute a cause of action cannot rest upon mere conjecture. (*Hendren v. Snyder,* 143 Kan. 34, 53 P. 2d 472.) This rule applies to the cause and extent of the injury as well as to the establishment of negligence. Whether the fall caused plaintiff's afflictions other than the wrist appears from the testimony to be a matter of mere conjecture or possibility.

We are of the opinion that the verdict is excessive. If plaintiff will consent that the judgment be reduced to $3,000 and so advise the clerk of this court within ten days after the filing of this opinion, the judgment will be affirmed; otherwise, it will be reversed for a new trial on all issues. It is so ordered.