No. 37,847

LETHA THOMPSON, *Appellant*, v. BEARD AND GABELMAN, Incorporated, *Appellee*.

(216 P. 2d 798)

Opinion filed April 8, 1950.

*Thomas H. Finigan* and *Charles S. Schnider,* both of Kansas City, argued the cause, and were on the briefs for the appellant.

*Willard L. Phillips,* of Kansas City, argued the cause, and *Edwin S. McAnany, Thos. M. Van Cleave, Patrick B. McAnany,* and *Thos. M. Van Cleave, Jr.,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for damages for personal injuries, and plaintiff appeals from a ruling of the district court sustaining defendant's demurrer to plaintiff's evidence on the ground that it failed to show actionable negligence on the part of the defendant.

The facts may be briefly stated. Plaintiff, a customer, entered defendant's dress shop to look at house dresses; she selected two which she wished to try on and, at the direction of a saleslady then busy serving another customer, went to a fitting room at the rear of the store. Seeing two identical curtained doorways, plaintiff entered the one directly ahead of her and found herself in a small office containing a chair and desk with a lighted lamp upon it; noticing a door slightly ajar immediately to her right, she mistakenly assumed it led to the fitting room and entered, but had advanced only a few steps when she fell down a flight of steps to the basement storeroom, sustaining the injuries for which recovery was sought in this action.

In her amended petition, plaintiff alleged negligence in the following particulars: (1) Defendant's clerk directed plaintiff to the fitting room by pointing to the southwest corner of the store; (2) there were no placards or directions in defendant's store to advise plaintiff as to the location of the fitting room at the rear of the store; (3) defendant failed to adequately light the stairway leading from

the office to the basement; (4) defendant failed to warn plaintiff by signs or otherwise of the existence of the stairway; and (5) defendant failed to erect a gate or barrier around the door at the head of the stairway.

Error is charged in the court's rulings sustaining defendant's demurrer to plaintiff's evidence, and denying plaintiff's motion for new trial. Inasmuch as both assignments of error involve the same point and require an examination of the record, we will treat them together.

The primary question to be considered is whether the plaintiff's evidence, viewed in the favorable light to which it is entitled on demurrer, established a cause of action against the defendant. In deciding this point, we must determine the legal duty owed by defendant to plaintiff, a customer and invitee in its place of business.

The proprietor of a store, shop, or other place of business kept open for public patronage is not under an insurer's liability as to the safety of persons who come thereon, but he does owe to customers who enter the premises, while the establishment is open for business, the duty of exercising ordinary care to keep the aisles, passageways and such other parts of the premises as are ordinarily used by customers in transacting business in a reasonably safe condition for use by the persons thus entering, and to warn them of dangerous conditions upon the premises which are known, or which reasonably should be known, to him but not to them. (38 Am. Jur. 791.) The duty of the proprietor of a place of business which is open to public patronage to use ordinary care to make the premises reasonably safe for customers is *generally limited to that part of the premises designed, adapted, and prepared for the accommodation of customers, or to which customers may reasonably be expected to go.* The duty of the proprietor of a place of business to his customers does not require him to render safe for their use parts of the building reserved for use only by him and his employees, such as private offices, shipping rooms and warerooms, unless he expressly or impliedly invites or induces a customer to enter such a reserved part. (38 Am. Jur. 794, and cases cited.) A person who has received an injury in consequence of passing through a wrong doorway in a part of the building not designed for the use of unattended customers cannot recover unless he was induced to enter therein by the invitation or allurement of the proprietor. (38 Am. Jur. 796, and cases cited in note 15.)

The Kansas case of *Thogmartin v. Koppel,* 145 Kan. 347, 65 P.

2d 571, is authority for the general rule quoted above. To the same effect is *Hickey v. Fox-Ozark Theatres Corp.*, 156 Kan. 137, 141, 131 P. 2d 671, in which this court said:

"The general rule is well established that proprietors of places of public entertainment or amusement are not insurors of their patrons against injury, but are only chargeable with the exercise of what under the particular circumstances is ordinary or reasonable care. This question was considered in our recent case of *Klish v. Alaskan Amusement Co.*, 153 Kan. 93, 109 P. 2d 75."

Cases from other jurisdictions also support this general rule as to the duty owed a customer by the proprietor of a store. The following is quoted from a Kentucky case, *Wall v. F. W. Woolworth Company*, 209 Ky. 258, 272 S. W. 730, in which plaintiff was injured by falling down a defective flight of stairs while helping a salesgirl serving her in loosening some tangled clothesline:

"The general rule, as stated in Thompson on Negligence, § 988, is that a merchant is not required to keep his premises safe but only that part to which his customers are invited. But this duty does not extend so far as to make such an occupant responsible for the unsafe condition of those parts of his premises not intended for the reception of visitors or customers, and where they are not expected or invited to go," citing *Keeran v. Spurgeon Mercantile Co.*, 194 Iowa 1240, 191 N. W. 99, 27 A. L. R. 579; *Ferguson & Palmer v. Ferguson's Adm'r* (Ky.), 114 S. W. 297; *Smith v. Trimble*, 64 S. W. 915, 23 Ky. Law Rep. 1206; *Menteer v. Scalzo Fruit Co.*, 240 Mo. 177, 144 S. W. 833.

See, also, annotations covering this general rule appearing in 33 A. L. R. 181, 43 A. L. R. 866, 46 A. L. R. 1111, 58 A. L. R. 136, 100 A. L. R. 710, and 162 A. L. R. 949.

Was defendant negligent in this legal duty owed plaintiff, a customer in its place of business? To determine this, we must examine plaintiff's evidence. As the only witness in her own behalf, plaintiff testified that she entered defendant's shop about one o'clock in the afternoon; she had been in the store a couple of times previously, the last time being about a year before; her purpose on entering was to look for house dresses; she proceeded to the racks upon which they were displayed; the saleslady in the shop came back to help her and she selected two dresses.

"Q. And then what happened?

"A. Well, then another lady came in and she went to wait on her and I asked her if I could try them on and she said, 'certainly, right in the back' (illustrating)."

. . . . . . . . . . .

"Q. I notice you made a motion with your hand and said 'certainly, right there in back'. Now which direction was she pointing? Now which direction was she pointing when you made that motion with your hand?

"A. Right in back where the curtains were." . . .

"Q. How far would you say it was from the rack where 'you, picked up these two dresses to the curtains that you were talking about?

"A. About four or five feet I imagine."

Plaintiff further testified that the day was cloudy and it was rather dim in the store; the lights were not on; the curtains she was talking about and had walked to were of plain material, sort of red in color, and were two-panel curtains; that one of the curtains which led into the little office was open just a little.

"Q. All right, now then what did you do?

"A. Well, I—thinking that was the dressing room, I went into the one that the curtain was open and then I knew that I was in a little office; I knew that was not the dressing room so I turned to the other door and I—

"Q. (interrupting) All right, just a moment here. Going into the office, when you got in behind this curtain, what was there in that little space?

"A. There was a desk and a chair." . . .

"A. A small light on the desk with a shade on it.

"Q. Was that light burning?

"A. Yes."

Plaintiff testified that no one was in the office.

"Q. All right, what else did you see in the room with reference to another outlet?

"A. Well, there was a door to the north.

"Q. All right, what sort of a door was it? I mean, was it a wooden door or just a curtain?

"A. It was a wooden door.

"Q. All right, just describe this door to the jury as to whether or not it was closed or open?

"A. It was ajar just slightly, a little bit."

She further testified that the door opened inward; that she pushed the door open—

"Q. Now on the inside I will ask you to tell the jury whether—what the condition was in that room as to whether it was dark or dim or light?

"A. It was dim."

Additional testimony was that there was a lighted lamp on the desk back of her; she took about two steps forward and fell down the stairs; there were no signs around the curtains or the door; and there was no railing around the steps.

As disclosed by her own evidence, when plaintiff reached the little room at the rear of the store, she recognized it to be a private office and not the dressing room and, instead of turning back for further information after discovering she was in such a reserved place, continued on a course foreign to her and opened a wooden door leading

from the private office to a basement storeroom also reserved for private use. It cannot be said that defendant failed to exercise ordinary care for the safety of its customers by failing to anticipate that some customer might wander from the main part of the store into that portion of the premises not adapted to the customer's use but reserved for the management and its employees.

Ordinarily a question of negligence is one for the jury, but where upon the undisputed testimony no facts or circumstances are shown which in the minds of reasonable men can be said to constitute a cause of action based on negligence, it becomes a question of law to be determined by the court when the sufficiency of such evidence is properly challenged. (*Hickey v. Fox-Ozark Theatres Corp.*, supra; *Smith v. Mead Construction Co.*, 129 Kan. 229, 233, 282 Pac. 708; *Cleghorn v. Thompson*, 62 Kan. 727, 733, 64 Pac. 605; *Greiving v. La Plante*, 156 Kan. 196, 131 P. 2d 898.) Applying this rule in conjunction with the rules which govern defendant's legal duty to this plaintiff, we must conclude that plaintiff's evidence, viewed in the light most favorable to it, does not establish a cause of action against defendant as it presents no facts or circumstances which would justify a finding of actionable negligence.

It is also argued that evidence on the part of plaintiff established that she was guilty of contributory negligence as a matter of law. In view of our holding that the demurrer was properly sustained by the lower court, it is unnecessary to discuss at any length the question of contributory negligence. Suffice it to say that plaintiff was traveling a course she did not know; the door leading from the private office was partially closed and the light dim; on pushing the door inward she was standing at the entrance of a basement stairway, no bar or barrier about the steps, and was confronted with darkness which is always a signal of danger. The darkness or dimness of light called upon her to exercise greater caution for her own safety than is ordinarily required and it was her duty under such circumstances to refrain from proceeding farther without finding out where she might safely go, and by this failure to exercise ordinary care for her own safety, she was guilty of negligence as a matter of law. (*Kurre v. Graham Ship By Truck Co.*, 136 Kan. 356; 15 P. 2d 463; *Jones v. Swatszel*, 145 Kan. 99, 64 P. 2d 555; *Boyce v. Brewington*, 49 N. M. 107, 158 P. 2d 124, 163 A. L. R. 583; see, also, annotation beginning 163 A. L. R. 587.)

It follows that the court did not err in sustaining defendant's demurrer to plaintiff's evidence. The judgment is affirmed.

WEDELL, J. (concurring): I concur in the decision of the majority but desire to add a word concerning my view on the subject of contributory negligence.

It is conceded plaintiff realized immediately upon entering the first room she had gotten into the wrong place. She recognized at once she was in an office and not in a dressing room. That was the first warning she had of entering the wrong room but it was not the only warning she encountered. Realizing she was in the wrong room she proceeded to the door which opened from the office. It was a bit ajar. Of course, I do not think the mere fact she looked for another room which might be the dressing room can be said to constitute negligence as a matter of law. But the nature of her conduct cannot be ignored. The moment she opened this second door she knew it, too, was not a dressing room. Her entire testimony clearly discloses the space beyond the second door was so dim or so dark she could not discern where she was going. According to her own admissions that place was either so dark she simply could not see where she was stepping or she proceeded without looking.

The situation here was not at all similar to the facts in *Buck v. Miller Amusement Co.*, 166 Kan. 205, 200 P. 2d 286, where a movie patron opened a door in a theater through which patrons might be expected to pass, took one step and was at once thrown off her feet by reason of having a right to believe the floor was level on the other side of the door, when, in fact, the floor immediately on that side of the door was a step lower. Nor is the situation in the slightest analogous to an *open trap door* in a dimly lighted passageway to a toilet in a restaurant where toilet facilities were required by statute to be maintained for the accommodation of guests. (*Campbell v. Weathers,* 153 Kan. 316, 111 P. 2d 72.) Neither is the situation at all similar to a case where the owner of a building expressly directed a new tenant to follow her through the darkness of a basement and in an attempt to do so the tenant tripped and fell into a shallow pit she had no reason to anticipate in view of the invitation from the owner. (*Donaldson v. Kemper,* 149 Kan. 330, 87 P. 2d 535.) Likewise this case is entirely dissimilar to a case where an injury was sustained by a hotel guest by reason of a defect, not noticeable in the exercise of due care, existing in a regular entrance and exit passageway used customarily by hotel guests. (*Harral v. Kent Corporation,* 168 Kan. 322, 212 P. 2d 356.) Other cases

in which recovery has been allowed or denied depending on the particular facts might be reviewed but I deem that unnecessary.

PRICE, J., concurs in the foregoing concurring opinion.

PARKER, J. (concurring specially): I concur in the result but only upon the ground the evidence discloses that after plaintiff opened the door leading to the basement storeroom, she failed to exercise proper care for her own safety and was guilty of acts of negligence precluding her recovery.

SMITH, J. (dissenting): I find myself unable to concur in the opinion of the majority. The majority opinion states that ordinarily the question of negligence is for the jury. The opinion further states, however, that "where upon the undisputed testimony no facts or circumstances are shown which in the minds of reasonable men can be said to constitute a cause of action based on negligence, it becomes a question of law to be determined by the court when the sufficiency of such evidence is properly challenged." I agree with the above as a statement of the law. There is another equally potent rule, however, to the effect that in considering a demurrer to the evidence, the evidence of the plaintiff must be taken as true and all reasonable inferences drawn and presumptions indulged which tend to support the position of the plaintiff, and that the question must be submitted to the jury if the facts are such that reasonable minds might reach different conclusions thereon. (See *Harral v. Kent Corporation,* 168 Kan. 322, 212 P. 2d 356; *Revell v. Bennett,* 162 Kan. 345, 176 P. 2d 538; *Campbell v. Weathers,* 153 Kan. 316, 111 P. 2d 72; and *Jones v. McCullough,* 148 Kan. 561, 83 P. 2d 669.)

Now let us examine the evidence of the plaintiff. When she inquired about a place to try on the dresses, the clerk said "Certainly, right there in the back," pointing. The evidence is undisputed that as she went to the rear of the store there was a curtain across a door to her right and a curtain across a door directly in front of her. The curtain at her right was across the entrance to the dressing room. She entered the doorway across which the curtain directly in front of her was drawn. Upon passing the curtain she found herself in a room, apparently an office, because there was a desk there. In my opinion, she did what an ordinary, reasonable person would have done. Obviously this was not a dressing room. The natural thing for her to do was to look around for the dressing room, to which she had been directed. The only door besides the one by which she

had entered was ajar. She stepped through it; took two steps and fell down these stairs. True, there was no light in the room into which she stepped. Neither was there any warning sign on the door. The absence of a light was, in my opinion, a want of due care since the steps down which plaintiff fell were so readily accessible. The door was ajar and a presumption might well be drawn by a reasonable man that its being ajar was an invitation to the customer that the dressing room to which she had been directed lay just beyond it.

To me it is not unreasonable to presume that due care on the part of the defendant required its clerk to accompany the customer to the dressing room or at least to indicate with more particularity and definiteness just where the dressing room was. Courts should deal realistically with questions such as this. I doubt if there is any person connected with this case but knows such to be the usual practice of clerks. Instead of that, the clerk in this case with the vague direction "Certainly, right there in the back" left plaintiff to wander around the rear of the store alone. I think reasonable men's minds might well differ as to whether this was due care when considered in connection with the open door, the absence of warning signs and no lights at the head of the stairs.

The cases cited in the opinion holding the merchant not liable for injuries to a customer incurred in the place to which the customer was not invited are not in point here. The customer not only was invited to the place where she was injured, but she was directed to it as a part of the service the store was furnishing. I cannot distinguish this case in principle from *Harral .v. Kent Corporation*, supra, and the opinions cited there, especially *Buck v. Miller Amusement Co.*, 166 Kan. 205, 200 P. 2d 286; also *Donaldson v. Kemper*, 149 Kan. 330, 87 P. 2d 535.

On the question of whether the plaintiff was guilty of contributory negligence as a matter of law, her general location in the store was where the clerk of the store had directed her to be. Finding herself in a room, obviously not a dressing room, she stepped through a door which was ajar. There was some light, although it was dim. She only took two steps and fell down the stairs. Did the taking of the second step constitute contributory negligence as a matter of law? I hold not. The question of contributory negligence, as well as negligence, where the minds of reasonable men might differ, is a matter for the jury.

WERTZ J., joins in the foregoing dissenting opinion.